IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BANDSPEED, INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| 1.  ACER, INC., | § | |
| 2.  ACER AMERICA CORPORATION, | § | |
| 3.  BELKIN INTERNATIONAL, INC., | § | CIVIL ACTION NO. _____ |
| 4.  BELKIN, INC., | § | |
| 5.  CASIO COMPUTER CO., LTD., | § | JURY TRIAL DEMANDED |
| 6.  CASIO HITACHI MOBILE | § | |
| COMMUNICATIONS CO., LTD., | § | |
| 7.  CASIO AMERICA, INC., | § | |
| 8.  DELL INC., | § | |
| 9.  GARMIN INTERNATIONAL, INC., | § | |
| 10. GARMIN USA, INC., | § | |
| 11. GN NETCOM A/S, | § | |
| 12. GN U.S., INC. a/k/a GN NETCOM, INC., | § | |
| 13. HEWLETT-PACKARD COMPANY, | § | |
| 14. HEWLETT-PACKARD DEVELOPMENT | § | |
| COMPANY, L.P., | § | |
| 15. HTC CORPORATION, | § | |
| 16. HTC AMERICA, INC., | § | |
| 17. HUAWEI TECHNOLOGIES CO., LTD., | § | |
| 18. KYOCERA CORPORATION, | § | |
| 19. KYOCERA INTERNATIONAL, INC., | § | |
| 20. KYOCERA COMMUNICATIONS, | § | |
| INC., | § | |
| 21. KYOCERA WIRELESS CORPORATION, | § | |
| 22. LENOVO (UNITED STATES), INC., | § | |
| 23. LG ELECTRONICS, INC., | § | |
| 24. LG ELECTRONICS U.S.A., INC., | § | |
| 25. LG ELECTRONICS MOBILECOMM | § | |
| U.S.A., INC., | § | |
| 26. MOTOROLA, INC., | § | |
| 27. NOKIA CORPORATION, | § | |
| 28. NOKIA INC., | § | |
| 29. PANTECH WIRELESS, INC., | § | |
| 30. PLANTRONICS, INC., | § | |
| 31. RESEARCH IN MOTION LIMITED, | § | |
| 32. RESEARCH IN MOTION | § | |

CORPORATION,                                        §
33. SAMSUNG TELECOMMUNICATIONS                      §
    AMERICA, LLC,                                   §
34. TOMTOM INTERNATIONAL B.V.,                      §
35. TOMTOM, INC.,                                   §
36. TOSHIBA CORPORATION,                            §
37. TOSHIBA AMERICA INFORMATION                     §
    SYSTEMS, INC., and                              §
38. TOSHIBA AMERICA, INC.                           §
                                                    §
         Defendants                                 §

---

## BANDSPEED, INC.'S ORIGINAL COMPLAINT

---

Bandspeed, Inc. brings this action under the patent laws of the United States (Title 35, United States Code, § 271 *et seq.*) against each of the defendants for infringement of U.S. Patent Nos. 7,027,418 and 7,570,614.

## PARTIES

1.      Bandspeed is a Delaware corporation with its principal place of business located in Austin, Texas.

2.      Upon information and belief, Acer Inc. is a Taiwan corporation with its principal place of business located at 8F, 88, Sec.1, Hsin Tai Wu Rd., Hsichih, Taipei Hsien 221, Taiwan, R.O.C.

3.      Upon information and belief, Acer America Corporation is a California corporation with its principal place of business located at 333 W. San Carlos Street, Ste. 1500, San Jose, CA 95110.  (Acer Inc. and Acer America Corporation are hereafter jointly referred to as "Acer").

2

4.      Upon information and belief, Belkin International, Inc. is a Delaware corporation with its principal place of business located at 12045 E. Waterfront Drive, Playa Vista, California 90049.

5.      Upon information and belief, Belkin, Inc. is a wholly-owned subsidiary of Belkin International, Inc. and is a Delaware corporation with its principal place of business located at 501 West Walnut Street, Compton, California 90220.  (Belkin International, Inc. and Belkin, Inc. are hereafter jointly referred to as "Belkin").

6.      Upon information and belief, Casio Computer Company, Ltd. is a Japanese corporation with its principal place of business located at 6-2, Hon-machi, 1-chome, Shibuya-ku, Tokyo, 151-8543, Japan.

7.      Upon information and belief, Casio Hitachi Mobile Communications Co., Ltd. is a Japanese corporation with its principal place of business located at 2-229-1 Sakuragaoka, Higashi-Yamato City, Tokyo, Japan.

8.      Upon information and belief, Casio America, Inc. is an indirect wholly-owned subsidiary of Casio Computer Company, Ltd. and is a New York corporation with its principal place of business located at 570 Mount Pleasant Ave., Dover, New Jersey 07801.  (Casio Computer Company, Ltd., Casio Hitachi Mobile Communications Co Ltd., and Casio America, Inc. are hereafter jointly referred to as "Casio").

9.      Upon information and belief, Dell Inc. (hereafter referred to as "Dell") is a Delaware corporation with its principal place of business located at 1 Dell Way, Round Rock, TX  78682.

10.      Upon information and belief, Garmin International, Inc. is a Kansas corporation with its principal place of business located at 1200 E. 151st St., Olathe, KS 66062.

11.     Upon information and belief, Garmin USA, Inc. is a wholly-owned subsidiary of Garmin International, Inc. and is a Kansas corporation with its principal place of business located at 1200 E. 151st St., Olathe, KS 66062.  (Garmin International, Inc. and Garmin USA, Inc. are hereafter referred to jointly as "Garmin").

12.     Upon information and belief, GN Netcom A/S is a Denmark corporation with its principal place of business located at Lautrupbjerg 7, P.O. Box 99, DK-2750 Ballerup, Denmark.

13.     Upon information and belief, GN U.S., Inc. a/k/a GN Netcom, Inc., is a Delaware corporation with its principal place of business located at 77 Northeastern Blvd., Nashua, NH 03062.  (GN Netcom A/S and GN U.S., Inc. are hereafter referred to jointly as "GN Netcom").

14.     Upon information and belief, Hewlett-Packard Company is a Delaware corporation with its principal place of business located at 3000 Hanover Street, Palo Alto, CA 94304.   The principal place of business for Hewlett-Packard Company's U.S. operations is 20555 SH 249, Houston, TX  77070.

15.     Upon information and belief, Hewlett-Packard Development Company, L.P. is a Texas company with its principal place of business located at 11445 Compaq Center Dr. West, Houston, TX  77070. (Hewlett-Packard Company and Hewlett-Packard Development Company, L.P. are hereafter referred to jointly as "HP").

16.     Upon information and belief, HTC Corporation is a Taiwan corporation with its principal place of business located at 23 Xinghua Rd., Taoyuan City, 330, Taoyuan, Taiwan, R.O.C.

17.     Upon information and belief, HTC America, Inc. is a wholly-owned subsidiary of HTC Corporation and is a Texas corporation with its principal place of business located at 5950

Corporate Dr., Houston, TX    77036. (HTC Corporation, Ltd. and HTC America, Inc. are hereafter jointly referred to as "HTC").

18.    Upon information and belief, Huawei Technologies Company, Ltd. (hereafter referred to as "Huawei") is a Chinese company with a principal place of business located at HQ Office Building, Huawei Industrial Base, Bantian, Longgang District, Shenzhen 518129, People's Republic of China.  The North America Headquarters for Marketing, Sales, & Services of Huawei Technologies Company, Ltd. is located at 1700 Alma Dr., Ste. 100, Plano, TX 75075.

19.    Upon information and belief, Kyocera Corporation is a Japanese corporation with its principal place of business located at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 612-8501, Japan.

20.    Upon information and belief, Kyocera International, Inc. is a wholly-owned subsidiary of Kyocera Corporation and is a California corporation with its principal place of business located at 8611 Balboa Ave., San Diego, CA 92123.

21.    Upon information and belief, Kyocera Communications, Inc., is a wholly-owned subsidiary of Kyocera International Inc. and is a Delaware corporation with its principal place of business located at 10300 Campus Point Drive, San Diego, CA 92121.

22.    Upon information and belief, Kyocera Wireless Corporation is a Delaware corporation with its principal place of business located at 10300 Campus Point Dr., San Diego, CA 92121. (Kyocera Corporation, Kyocera International, Inc., Kyocera Communications, Inc., and Kyocera Wireless Corporation are hereafter jointly referred to as "Kyocera").

23.     Upon information and belief, Lenovo (United States) Inc. (hereafter referred to as "Lenovo") is a Delaware corporation with its principal place of business located at 1009 Think Place, Morrisville, NC 27560.

24.     Upon information and belief, LG Electronics, Inc. is a Korean corporation with its principal place of business located at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

25.     Upon information and belief, LG Electronics U.S.A., Inc. is a wholly-owned subsidiary of LG Electronics and is a Delaware corporation with its principal place of business located at 920 Sylvan Avenue, Englewood Cliffs, NJ  07632.

26.     Upon information and belief, LG Electronics MobileComm U.S.A., Inc. is a California corporation with its principal place of business at 10101 Old Grove Road, San Diego, CA 92131.  (LG Electronics, LG Electronics U.S.A., Inc. and LG Electronics MobileComm U.S.A., Inc. are hereafter referred to jointly as "LG").

27.     Upon information and belief, Motorola, Inc. (hereafter referred to as "Motorola") is a Delaware corporation with its principal place of business located at 1303 E. Algonquin Rd., Schaumburg, IL 60196.

28.     Upon information and belief, Nokia Corporation is a corporation organized under the laws of Finland, with its principal place of business located at Keilalahdentie 2-4, FI-02150 Espoo, Finland.

29.     Upon information and belief, Nokia Inc. is a wholly-owned indirect subsidiary of Nokia Corporation and is a Delaware corporation with its principal place of business located at 6021 Connection Dr., Irving, TX 75039.  (Nokia Corporation and Nokia, Inc. are hereafter referred to jointly as "Nokia").

30.     Upon information and belief, Pantech Wireless, Inc. (hereafter referred to as "Pantech") is a California corporation with its principal place of business located at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia.

31.     Upon information and belief, Plantronics Inc. (hereafter referred to as "Plantronics") is a Delaware corporation with its principal place of business located at 345 Encinal St., Santa Cruz, CA 95060.

32.     Upon information and belief, Research In Motion Limited is a Canadian corporation with its principal place of business located at 295 Phillip Street, Waterloo, Ontario N2L 3W8, Canada.

33.     Upon information and belief, Research In Motion Corporation is a wholly-owned subsidiary of Research In Motion Limited and is a Delaware corporation with its principal place of business located at 122 West John Carpenter Parkway, Ste 430, Irving, TX 75039.  (Research in Motion Limited and Research in Motion Corporation are hereafter referred to jointly as "RIM").

34.     Upon information and belief, Samsung Telecommunications America, LLC (hereafter referred to as "Samsung") is a Delaware company with its principal place of business located at 1301 E. Lookout Drive, Richardson, Texas 75082.

35.     Upon information and belief, TomTom International B.V. is a corporation incorporated under the laws of The Netherlands with its principal place of business located at Oosterdoksstraat 114, 1011 DK Amsterdam, The Netherlands.

36.     Upon information and belief, TomTom, Inc. is a Massachusetts corporation with its principal place of business located at 150 Baker Ave. Ext., Concord, MA 01742.  (TomTom International B.V., and TomTom, Inc. are hereafter referred to jointly as "TomTom").

37.     Upon information and belief, Toshiba Corporation is a Japanese corporation with its principal place of business located at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan.

38.     Upon information and belief, Toshiba America Information Systems, Inc. is a California corporation with its principal place of business located at 9740 Irvine Boulevard, Irvine, CA 92618-1697.

39.     Upon information and belief, Toshiba America, Inc. is a wholly owned subsidiary of Toshiba Corporation and is a Delaware corporation with its principal place of business located at 1251 Avenue of the Americas, New York, New York 10020.  (Toshiba Corporation, Toshiba America Information Systems, Inc., and Toshiba America, Inc. are hereafter referred to jointly as "Toshiba").

## JURISDICTION

40.     This action arises under the patent laws of the United States, Title 35 United States Code.  Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and § 1338.

41.     This Court has personal jurisdiction over Acer. Upon information and belief, Acer conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Acer Aspire One D250-1515 personal computer, to customers in this State and in the Eastern District of Texas ("District"), either directly or indirectly.  Upon information and belief, Acer has placed its products, including the infringing products, such as its Acer Aspire One D250-1515 personal computer, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief,

Acer has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

42.     This Court has personal jurisdiction over Belkin.  Upon information and belief, Belkin conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Belkin Mini Bluetooth Adapter (product number F8T016), to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Belkin has placed its products, including the infringing products, such as its Belkin Mini Bluetooth Adapter (product number F8T016), into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Belkin has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

43.     This Court has personal jurisdiction over Casio. Upon information and belief, Casio conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Casio G'zOne Rock mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Casio has placed its products, including the infringing products, such as its Casio G'zOne Rock mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Casio has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

44.     This Court has personal jurisdiction over Dell.  Upon information and belief, Dell conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Wireless Bluetooth Mini-Card, to customers in this State and in this District, either directly or indirectly. Upon information and belief, Dell has placed its products, including the infringing products, such as its Wireless Bluetooth Mini-Card, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Dell has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

45.     This Court has personal jurisdiction over Garmin.  Upon information and belief, Garmin conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Garmin Nuvi 265T GPS device, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Garmin has placed its products, including the infringing products, such as its Garmin Nuvi 265T GPS device, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Garmin has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

46.     This Court has personal jurisdiction over GN Netcom.  Upon information and belief, GN Netcom conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products,

such as its Jabra Bluetooth Headset and USB Adapter, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, GN Netcom has placed its products, including the infringing products, such as its Jabra Bluetooth Headset and USB Adapter, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, GN Netcom has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

47.     This Court has personal jurisdiction over HP.  Upon information and belief, HP conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its HP Bluetooth Pendant Headphone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, HP has placed its products, including the infringing products, such as its HP Bluetooth Pendant Headphone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, HP has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

48.     This Court has personal jurisdiction over HTC.  Upon information and belief, HTC conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its HTC Dash 3G mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, HTC has placed its products, including the infringing products, such as its HTC Dash 3G mobile phone, into the stream of commerce, knowing or

reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, HTC has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

49.     This Court has personal jurisdiction over Huawei.  Upon information and belief, Huawei conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Huawei U7519 Tap mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Huawei has placed its products, including the infringing products, such as its Huawei U7519 Tap mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Huawei has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

50.     This Court has personal jurisdiction over Kyocera.  Upon information and belief, Kyocera conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Incognito mobile phone, to customers in this State and in this District, either directly or indirectly.   Upon information and belief, Kyocera has placed its products, including the infringing products, such as its Incognito mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.   Upon information and belief, Kyocera has intentionally established

distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

51.     This Court has personal jurisdiction over Lenovo.  Upon information and belief, Lenovo conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Lenovo Ideapad V460 personal computer, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Lenovo has placed its products, including the infringing products, such as its Lenovo Ideapad V460 personal computer, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Lenovo has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

52.     This Court has personal jurisdiction over LG.  Upon information and belief, LG conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its LG Rumor Touch mobile phone, to customers in this State and in this District, either directly or indirectly. Upon information and belief, LG has placed its products, including the infringing products, such as its LG Rumor Touch mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, LG has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

53.     This Court has personal jurisdiction over Motorola.  Upon information and belief, Motorola conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Motorola i410 flip mobile phone, to customers in this State and in this District, either directly or indirectly.   Upon information and belief, Motorola has placed its products, including the infringing products, such as its Motorola i410 flip mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.   Upon information and belief, Motorola has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

54.     This Court has personal jurisdiction over Nokia. Upon information and belief, Nokia conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Nokia 2680 mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Nokia has placed its products, including the infringing products, such as its Nokia 2680 mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Nokia has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

55.     This Court has personal jurisdiction over Pantech.  Upon information and belief, Pantech conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its

Pantech Duo C810 mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Pantech has placed its products, including the infringing products, such as its Pantech Duo C810 mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Pantech has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

56.     This Court has personal jurisdiction over Plantronics.  Upon information and belief, Plantronics conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Plantronics BUA-100 Bluetooth USB Adapter, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Plantronics has placed its products, including the infringing products, such as its Plantronics BUA-100 Bluetooth USB Adapter, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Plantronics has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

57.     This Court has personal jurisdiction over RIM. Upon information and belief, RIM conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Blackberry 8100 Pearl mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, RIM has placed its products, including the infringing products, such as its Blackberry 8100 Pearl mobile phone, into the stream of commerce, knowing

or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, RIM has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

58.     This Court has personal jurisdiction over Samsung.  Upon information and belief, Samsung conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Samsung R451C mobile phone, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, Samsung has placed its products, including the infringing products, such as its Samsung R451C mobile phone, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Samsung has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

59.     This Court has personal jurisdiction over TomTom.  Upon information and belief, TomTom conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its TomTom GO 630 GPS, to customers in this State and in this District, either directly or indirectly.  Upon information and belief, TomTom has placed its products, including the infringing products, such as its TomTom GO 630 GPS, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, TomTom has intentionally established distribution

channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

60.     This Court has personal jurisdiction over Toshiba.  Upon information and belief, Toshiba conducts business in this State and is selling and offering to sell, and has within a reasonable period prior to the filing of this action, sold and offered to sell its products, such as its Toshiba Bluetooth USB Adaptor, to customers in this State and in this District, either directly or indirectly.   Upon information and belief, Toshiba has placed its products, including the infringing products, such as its Toshiba Bluetooth USB Adaptor, into the stream of commerce, knowing or reasonably expecting that such products will be used, sold, or offered to be sold in this State and in this District.  Upon information and belief, Toshiba has intentionally established distribution channels to offer its products for sale and to sell its products, including the infringing products, in this State and in this District.

## VENUE

61.     Venue for Acer is proper in this Court under 28 U.S.C. § 1400(b) because Acer resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Acer and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

62.     Venue for Belkin is proper in this Court under 28 U.S.C. § 1400(b) because Belkin resides in this District.   In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Belkin and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

63.     Venue for Casio is proper in this Court under 28 U.S.C. § 1400(b) because Casio resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c)

because (i) Casio and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

64.     Venue for Dell is proper in this Court under 28 U.S.C. § 1400(b) because Dell resides in this District.  Upon information and belief, Dell has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Dell and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

65.     Venue for Garmin is proper in this Court under 28 U.S.C. § 1400(b) because Garmin resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Garmin and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

66.     Venue for GN is proper in this Court under 28 U.S.C. § 1400(b) because GN resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) GN and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

67.     Venue for HP is proper in this Court under 28 U.S.C. § 1400(b) because HP resides in this District.  Upon information and belief, HP has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) HP and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

68.     Venue for HTC is proper in this Court under 28 U.S.C. § 1400(b) because HTC resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c)

because (i) HTC and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

69.     Venue for Huawei is proper in this Court under 28 U.S.C. § 1400(b) because Huawei resides in this District.   Upon information and belief, Huawei has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Huawei and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

70.     Venue for Kyocera is proper in this Court under 28 U.S.C. § 1400(b) because Kyocera resides in this District.   In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Kyocera and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

71.     Venue for Lenovo is proper in this Court under 28 U.S.C. § 1400(b) because Lenovo resides in this District.   In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Lenovo and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

72.     Venue for LG is proper in this Court under 28 U.S.C. § 1400(b) because LG resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) LG and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

73.     Venue for Motorola is proper in this Court under 28 U.S.C. § 1400(b) because Motorola resides in this District.   Upon information and belief, Motorola has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28

U.S.C. §§ 1391(b)-(c) because (i) Motorola and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

74.     Venue for Nokia is proper in this Court under 28 U.S.C. § 1400(b) because Nokia resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Nokia and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

75.     Venue for Pantech is proper in this Court under 28 U.S.C. § 1400(b) because Pantech resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Pantech and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

76.     Venue for Plantronics is proper in this Court under 28 U.S.C. § 1400(b) because Plantronics resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Plantronics and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

77.     Venue for RIM is proper in this Court under 28 U.S.C. § 1400(b) because RIM resides in this District.  Upon information and belief, RIM has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) RIM and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

78.     Venue for Samsung is proper in this Court under 28 U.S.C. § 1400(b) because Samsung resides in this District.  Upon information and belief, Samsung has a regular and established place of business in this District.  In addition, venue is proper in this Court under 28

U.S.C. §§ 1391(b)-(c) because (i) Samsung and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

79.     Venue for TomTom is proper in this Court under 28 U.S.C. § 1400(b) because TomTom resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) TomTom and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

80.     Venue for Toshiba is proper in this Court under 28 U.S.C. § 1400(b) because Toshiba resides in this District.  In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) because (i) Toshiba and all other defendants reside in this District, and/or (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FIRST CLAIM

### (*Patent Infringement of the '418 Patent*)

81.     The allegations of paragraphs 1-80 are incorporated herein by reference.

82.     Bandspeed is the sole owner of United States Patent No. 7,027,418, entitled "APPROACH FOR SELECTING COMMUNICATIONS CHANNELS BASED ON PERFORMANCE" ("the '418 patent").  The '418 patent was duly and legally issued on April 11, 2006 to Hongbing Gan, Bijan Treister, and Efstratios Skafidas and was assigned to Bandspeed.  A copy of the '418 patent is attached to this Complaint as Exhibit A.

83.     Upon information and belief, each defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of the '418 patent, by among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of the '418 patent.

84.     Pursuant to 35 U.S.C. § 284, Bandspeed is entitled to damages for infringement.

## SECOND CLAIM

### (*Patent Infringement of the '614 Patent*)

85.     The allegations of paragraphs 1-80 are incorporated herein by reference.

86.     Bandspeed is the sole owner of United States Patent No. 7,570,614, entitled "APPROACH FOR MANAGING COMMUNICATIONS CHANNELS BASED ON PERFORMANCE" ("the '614 patent").  The '614 patent was duly and legally issued on August 4, 2009 to Hongbing Gan, Bijan Treister, and Efstratios Skafidas and was assigned to Bandspeed.  A copy of the '614 patent is attached to this Complaint as Exhibit B.

87.     Upon information and belief, each defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of the '614 patent, by among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of the '614 patent.

88.     Pursuant to 35 U.S.C. § 284, Bandspeed is entitled to damages for infringement.

## PRAYER FOR RELIEF

Bandspeed respectfully requests the following relief:

A.     that each defendant be adjudged to have infringed, directly or indirectly, or induced others to infringe, the '418 and '614 patents;

B.     that the Court order an accounting for damages by virtue of each defendant's infringement of the '418 and '614 patents;

C.     that the Court award damages to Bandspeed against each defendant pursuant to 35 U.S.C. § 284;

D.     that the Court award Bandspeed pre-judgment and post-judgment interest and its costs, pursuant to 35 U.S.C. §284; and

E.     that Bandspeed be awarded such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

89.    Bandspeed hereby demands a trial by jury as to all issues triable by a jury.

Respectfully submitted,

WATTS GUERRA CRAFT LLP

By: /s/ Mikal C. Watts
Mikal C. Watts
LEAD COUNSEL
State Bar No. 20981820
mcwatts@wgclawfirm.com
Christopher V. Goodpastor
State Bar No. 00791991
cgoodpastor@wgclawfirm.com
WATTS GUERRA CRAFT LLP
811 Barton Springs Road
Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0502

Edward W. Allred
State Bar No. 50511764
eallred@wgclawfirm.com
Mark Fassold
State Bar No. 24012609
mfassold@wgclawfirm.com
WATTS GUERRA CRAFT LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 527-0500
Facsimile: (210) 527-0501

DAFFER McDANIEL, LLP
Kurt M. Sauer
State Bar No. 17673700
ksauer@dmtechlaw.com
Kevin L. Daffer
State Bar No. 05307300
kdaffer@dmtechlaw.com
Stacy L. Zoern
State Bar No. 24051565
szoern@dmtechlaw.com
Aaron J. Pickell
State Bar No. 24051193
apickell@dmtechlaw.com
DAFFER McDANIEL, LLP
700 Lavaca Street, Suite 720
Austin, TX 78701
Tel. (512) 476-1400
Fax (512) 703-1250

**ATTORNEYS FOR BANDSPEED, INC.**