IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BANDSPEED, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. | 2:10-cv-00215 (TJW) |
| ) | | |
| ACER, INC., et al ) | JURY TRIAL DEMANDED | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

### DEFENDANTS GARMIN INTERNATIONAL, INC.'S AND GARMIN USA, INC.'S MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIM

Without pleading any supporting factual allegations, Plaintiff Bandspeed, Inc.'s Complaint accuses Defendants Garmin International, Inc. and Garmin USA, Inc. ("Garmin") of "infringing, contributing to the infringement of, and/or inducing the infringement" of the two patents-in-suit. Such conclusory allegations fail to state a claim for indirect infringement for two independent reasons: (1) Bandspeed fails to identify a direct infringer in reference to its indirect infringement claims, and (2) Bandspeed has not pleaded the requisite knowledge or intent to support a claim for either inducement or contributory infringement. Specifically, Bandspeed cannot even allege that Garmin had pre-filing knowledge of the patents-in-suit. Accordingly, Garmin respectfully requests that the Court dismiss Bandspeed's claim for indirect infringement pursuant to Federal Rule of Civil Procedure 12(b)(6).

### STATEMENT OF FACTS

On June 30, 2010, Bandspeed filed its Original Complaint ("Complaint") against Garmin and 36 other defendants. (Doc. 1). The Complaint accuses all defendants of infringing U.S Patent Nos. 7,027,418 and 7,570,614 (the "patents-in-suit"). (*Id.* ¶¶ 83, 87). Under the heading

"Jurisdiction," Bandspeed's Complaint alleges that Garmin has "sold and offered to sell its products, such as its Garmin Nuvi 265T device, to customers in this State and in this District," and refers to the Nuvi 265T as an "infringing product." (*Id.* ¶ 45). But the entirety of Bandspeed's allegations of infringement (pleaded generically against all Defendants) is the following:

> 83.    Upon information and belief, each defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of the '418 patent, by among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of the '418 patent.
>
> 87.    Upon information and belief, each defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of the '614 patent, by among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of the '614 patent.

(Doc. 1 ¶¶ 83, 87).  Bandspeed's Complaint does not, however, identify a direct infringer in reference to its indirect infringement claims, nor does it allege that Garmin (or any other defendant) had actual notice of the patents-in-suit prior to the filing of this lawsuit.  In fact, other than pleading the words "contributing" and/or "inducing," Bandspeed's Complaint is silent as to what facts, if any, Bandspeed would rely on to support its indirect infringement claim.

## ARGUMENT

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain, at a minimum, a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2).* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Realtime Data LLC v. Morgan Stanley, et al.,* -- F. Supp. 2d --, 2010 WL 2403779 (E.D. Tex. 2010) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S.

544, 555-556 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S.Ct. at 1950.

In the context of a motion to dismiss claims of indirect infringement, this Court has acknowledged that "Form 18 [of the Federal Rules of Civil Procedure] does not expressly address indirect infringement claims," and "indirect infringement allegations ***will not survive*** a Motion to Dismiss where a plaintiff's complaint fails to identify any asserted claims or any accused products or services for each of the patents-in-suit, fails to identify which patents are indirectly infringed, and fails to identify a direct infringer in reference to its indirect infringement claims." *Realtime Data*, 2010 WL 2403779, at *6 (emphasis added); *see also id.* at *6, citing *Clear with Computers, LLC v. Bergdorf Goodman, Inc.*, No. 6:09-CV-481, 2010 U.S. Dist. LEXIS 92079, at *12 (E.D. Tex. Mar. 29, 2010) (requiring that the plaintiff affirmatively "identify which claims are indirectly infringed," "identify which methods or systems indirectly infringe," and "identify a direct infringer in reference to indirect infringement claims").

### I. Bandspeed's Indirect Infringement Claim Fails Because it Does Not Identify a Direct Infringer.

Bandspeed's Complaint does not identify a direct infringer related to its indirect infringement claim, and as a consequence fails to inform Garmin as to what it must defend. *See Bedrock Computer Tech. LLC v. Softlayer Tech., Inc.,* No. 6:09-CV-269, 2010 U.S. Dist. LEXIS 62711 (E.D. Tex. Mar. 29, 2010) (dismissing plaintiff's indirect infringement claims where plaintiff failed to expressly identify a direct infringer). "When indirect infringement is at issue, it is well settled that there can be no inducement or contributory infringement absent an underlying direct infringement." *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004). Where a party fails to identify a direct infringer in reference to its indirect

infringement claims, therefore, its complaint cannot survive a motion to dismiss. *Realtime Data*, 2010 WL 2403779, at *6; *Bedrock Computer Tech.*, 2010 U.S. Dist. LEXIS 62711, at *12-13.

Bandspeed's allegations here include the same type of generic "inducement and/or contributory infringement" allegations that were found legally insufficient by this Court in both *Realtime Data* and *Bedrock*. *See Realtime Data*, 2010 WL 2403779, at *7 (dismissing allegation that "defendants have been and are now . . . indirectly infringing by inducement and/or contributing to infringement"); *Bedrock Computer Tech.*, 2010 U.S. Dist. LEXIS 62711, at *7 (dismissing allegation that "defendants have contributorily infringed and/or induced others to infringe").[1] Bandspeed's indirect infringement claim, which does not identify a direct infringer, therefore does not state a claim for relief that is plausible on its face, and should be dismissed. *See i2 Tech., Inc. v. Oracle Corp.*, No. 6:09-CV-194, slip op. at 5 (E.D. Tex. Mar. 29, 2010) (Doc. 79) ("Taken as a whole, i2's complaint, which . . . fails to identify a direct infringer in reference to its indirect infringement claims, does not state a claim for relief that is plausible on its face").(Exhibit A).

## II. Bandspeed's Indirect Infringement Claim Fails Because Bandspeed Does Not Allege Facts Showing the Requisite Knowledge and Intent.

In addition to its technical pleading insufficiencies, Bandspeed's indirect infringement claim suffers from a deeper problem – Bandspeed has not pleaded any facts to support indirect infringement, nor can it. Both inducement and contributory infringement require, at a minimum, knowledge of the patents-in-suit at the time of the alleged infringement. Here, Bandspeed cannot

---

[1] Other courts have also expressed disfavor with a plaintiff's use of generic language such as "directly and/or indirectly infringing" without further support for the indirect infringement allegations. *See XPoint Technologies, Inc. v. Microsoft Corp.*, -- F. Supp. 2d --, 2010 WL 3187025, at n. 11 (D. Del. Aug. 12, 2010); *Eidos Communications LLC v. Skype Techs. SA*, 686 F. Supp. 3d 465, 469 (D. Del. 2010) ("Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout their complaint.").

allege that Garmin had notice of the patent prior to this lawsuit and, as a consequence, cannot properly allege inducement or contributory infringement.

### A. Bandspeed Fails to State a Claim For Induced Infringement.

Bandspeed fails to plead factual allegations showing that it is entitled to relief on its inducement claim. *See Iqbal*, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Under 35 U.S.C. § 271(b), "whoever actively induces infringement of a patent" can be liable. "To demonstrate inducement of infringement, the patentee must establish 'first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697-98 (Fed. Cir. 2008). Specifically, "the requirement that the alleged infringer knew or should have known his actions would induce actual infringement ***necessarily includes the requirement that he or she knew of the patent***." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (emphasis added).[2]

Here, Bandspeed does not allege that Garmin had any knowledge – directly or otherwise – of the patents-in-suit prior to the filing of this lawsuit. Nor does Bandspeed specifically allege any intent to induce infringement. Where a plaintiff fails to allege that the defendant knew of the patent at the time it was committing the allegedly-infringing activities, it cannot state an

---

[2] This rule is undisturbed by the Federal Circuit's recent opinion in *SEB, SA v. Montgomery Ward Co.*, which is currently pending review by the U.S. Supreme Court to determine "the legal standard for the state of mind element of a claim for actively inducing infringement under 35 U.S.C. § 271(b)." *SEB*, 594 F.3d 1360 (Fed. Cir. 2010), *cert. granted* Docket No. 10-6 (U.S. Oct. 12, 2010); *see also* U.S. Supreme Court Docket No. 10-6, "Questions Presented," *available at* http://www.supremecourt.gov/qp/10-00006qp.pdf. In *SEB*, the Federal Circuit acknowledged that "inducement requires a showing of 'specific intent to encourage another's infringement,'" citing *Broadcom*, and merely found that the patentee had presented adequate evidence to support a conclusion that the defendant knew or should have known of the patent-in-suit when it purchased a product manufactured by the patentee and copied it, among other things. *SEB*, 594 F.3d at 1377. Bandspeed does not allege any similar facts against Garmin, rendering *SEB* factually inapposite.

**GARMIN'S MOTION TO DISMISS**

inducement claim.  *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 3d 349, 354 (D. Del. 2009).  In *Mallinckrodt*, the court dismissed a plaintiff's inducement claim that suffered from the same flaws present in Bandspeed's Complaint:

> Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the [patent-in-suit] at the time they were committing the allegedly infringing activities set forth in Paragraph 11.  Nor does Paragraph 11 contain sufficient facts on which the Court can reasonably infer an allegation that Defendants possessed such knowledge.  Further, Plaintiffs do not specifically allege any intent to induce infringement.  Even when viewed in the light most favorable to the Plaintiffs, the Complaint does not plead sufficient facts to permit a reasonable inference that Defendants' actions explicitly or implicitly induced anyone to use the allegedly infringing device.  Accordingly, the Court concludes that Plaintiffs have failed to state a claim for inducing infringement.

*Id.*

Bandspeed's pleading deficiency cannot be cured.  Without prior knowledge of the patents-in-suit, or any other facts from which the Court could infer that Garmin had prior knowledge of the patents-in-suit, there can be no inducement.[3]  Conclusory legal allegations will not suffice.  *XPoint Techs., Inc. v. Microsoft Corp.*, -- F. Supp. 2d --, 2010 WL 3187025, at *6 and n. 10 (D. Del. Aug. 12, 2010) (dismissing claim where plaintiff "resorts to a mere recitation of the elements for indirect infringement, which is insufficient").  Nor can an allegation that Garmin obtained knowledge of the patents-in-suit at the time that Bandspeed filed this lawsuit support a claim for indirect infringement.[4]  *Mallinckrodt*, 670 F. Supp. 2d at 354 n.1 ("The Court

---

[3] *See also Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D.N.Y. 2000) (dismissing plaintiff's induced infringement claim because even alleging actual knowledge of the patent is insufficient to allege specific intent); *Coolsavings.com v. Catalina Marketing Corp.*, No. 98-C-6668, 1999 U.S. Dist. LEXIS 7891, at *5-6 (N.D. Ill. May 13, 1999) (dismissing induced infringement claim under Rule 12(b)(6), noting that "bald assertions" of active inducement without supporting allegations of fact fail to satisfy the pleading requirements of the federal rules).

[4] This makes sense, given that a plaintiff must have a good-faith basis for alleging indirect infringement at the time of filing.  *See, e.g., In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (explaining in an analogous context of the requisite knowledge to support a claim for willfulness: "When a complaint is filed, a patentee must have a good faith basis for alleging willful

is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."); *XPoint*, 2010 WL 3187025 at *6-7 ("However, knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."). Bandspeed simply does not have a viable inducement claim against Garmin, and its allegations should be dismissed.

### B. Bandspeed Fails to State a Claim for Contributory Infringement.

Like inducement, contributory infringement also requires that the defendant have knowledge of the patents-in-suit. Under 35 U.S.C. § 271(c), contributory infringement is established only if the defendant sells a product "knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ." Specifically, the defendant must know that its product "was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).

Here, Bandspeed fails to allege that Garmin had any pre-suit knowledge of the patents-in-suit, let alone any pre-suit knowledge of alleged infringement. Absent an allegation of the requisite knowledge of the patent-in-suit at the time of infringement, therefore, Bandspeed fails to state a plausible claim for contributory infringement against Garmin. *Mallinckrodt*, 670 F. Supp. 2d at 355 ("Plaintiffs' Complaint fails to sufficiently plead that Defendants had knowledge of the [patent-in-suit], and, accordingly, the Court finds that Plaintiffs have also failed to state a claim for contributory infringement."); *XPoint*, 2010 WL 3187025 at *6-7 (dismissing indirect infringement claim). Bandspeed's contributory infringement claim against Garmin should be dismissed.

---

infringement. So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.").

**GARMIN'S MOTION TO DISMISS** **Page 7**

## CONCLUSION

Plaintiff Bandspeed's Complaint fails to state a plausible claim for indirect infringement against Garmin, and its pleading deficiencies cannot be cured. Pursuant to Federal Rule of Civil Procedure 12(b)(6), therefore, Garmin respectfully requests that the Court dismiss Bandspeed's claims of induced and contributory infringement against Garmin, and grant Garmin any further relief to which it is entitled.

Dated: October 28, 2010

Respectfully Submitted,

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
State Bar No. 00787165
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Ste. 1114
Tyler, TX 75702
Telephone: (903) 531-3535
Fax: (903) 533-9687
Email: rcbunt@pbatyler.com

Eric Buresh, *admitted pro hac vice*
Adam Seitz, *admitted pro hac vice*
Michelle L. Marriott
State Bar No. 24043802
**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Blvd.
Kansas City, MO  64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
Email:  mlmarriott@shb.com

ATTORNEYS FOR DEFENDANTS
GARMIN INTERNATIONAL, INC. AND
GARMIN USA, INC.

## CERTIFICATE OF SERVICE

  I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 28th day of October 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.

            /s/ *Robert Christopher Bunt*
            ROBERT CHRISTOPHER BUNT