# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BANDSPEED, INC., | § |
| | § |
| *Plaintiff*, | § |
| v. | § CASE NO. 2:10-CV-215-TJW |
| | § |
| ACER, INC., *et al.*, | § |
| | § |
| *Defendants*. | § |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Before the Court is Defendants'[1] Motion to Transfer Venue (Dkt. No. 158). In their motion, Defendants ask the Court to transfer this case to the United States District Court for the Western District of Texas based on three legal doctrines: (1) the first–to-file rule, (2) 28 U.S.C. § 1404(a), and (3) the "customer suit" exception. Defendant Huawei Technologies Co., Ltd. also filed a Motion to Transfer Venue on the same grounds. (Dkt. No. 163). Having considered the venue motion, the briefing of the parties, the evidence, and the applicable law, the Court GRANTS the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and TRANSFERS this case to the Western District of Texas, Austin Division. Considerations of judicial economy demonstrate that

---

[1] The following defendants joined in the filling of the motion to transfer venue: Acer, Inc., Acer America Corporation, Belkin International, Inc., Belkin, Inc., Casio Computer Co., Ltd., Casio Hitachi Mobile Communications Co., Ltd., Casio America, Inc., Dell Inc., Garmin International, Inc., Garmin USA, Inc., GN Netcom A/S, GN U.S., Inc. a/k/a GN Netcom Inc., Hewlett-Packard Company, Hewlett-Packard Development Company, LP, HTC Corporation, HTC America, Inc., Kyocera Corporation, Kyocera International, Inc., Kyocera Communications, Inc., Lenovo (United States), Inc., Motorola, Inc., Nokia Corporation, Nokia Inc., Plantronics, Inc., TomTom International B.V., TomTom Inc., Toshiba Corporation, Toshiba America Information Systems, Inc., Toshiba America, Inc., Pantech Wireless, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc.  Samsung Telecommunications America, LLC. filed a partial joinder in the motion, seeking transfer under the first filed rule and the customer-suit exception, but did not seek transfer for the convenience of the parties (Dkt. No. 304).  The Court will refer to the moving defendants collectively as "Defendants."  Since the filing of the motion to dismiss, many of these Defendants have settled.

the Western District of Texas is "clearly more convenient" than the venue chosen by Plaintiff Bandspeed, Inc. ("Plaintiff" or "Bandspeed"). *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II. Factual and Procedural Background

Bandspeed is a Delaware corporation with its principal place of business located in Austin, Texas. On August 7, 2009, Bandspeed filed a patent infringement suit in the Western District of Texas against a number of consumer electronics manufacturers. *See Bandspeed, Inc. v. Sony Elecs. Inc. et al.*, No. 1:09cv593-LY, in the United States District Court for the Western District of Texas, Dkt. No. 1 ("Western District Action"). CSR is a supplier of Bluetooth chips and supplies chips that provide the wireless functionality for some of the accused devices in the Western District Action. Accordingly, CSR moved to intervene in the Western District Action on December 9, 2010, and that request was granted on March 5, 2010. *See* Western District Action, Dkt. Nos. 80 and 143. Judge Yeakel held the claim construction hearing in the Western District Action on March 8, 2011. *Id.*, Dkt. No. 251. On June 30, 2010, Bandspeed filed this case and asserted the same patents at issue in the Western District Action against a new set of defendants (Dkt. No. 1). Bandspeed filed its Amended Complaint On January 21, 2011 (Dkt. No. 313). After Defendants filed their motion to transfer, the Court delayed the briefing on the motion to transfer and allowed the parties to take limited discovery related to the motion (Dkt. No. 308).

## III. Applicable Law Regarding Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer."

*Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *quoting Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).

The Fifth Circuit has enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen II*, 545 F.3d at 314-15. The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted 'upon a lesser showing of inconvenience' than *forum non conveniens* dismissals" and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id.* at 314 (*citing Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the moving party bears the burden of showing "good cause," which the Court explained is satisfied when "the movant demonstrates that the transferee venue is clearly more convenient." *Id*. at 315.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The *Volkswagon II* court noted that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (*citing Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the

3

administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id*. (*citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). In *Volkswagen II*, the Fifth Circuit also opined on the weight to be given to the plaintiff's choice of forum. *Id*. The Court held that the movant's "good cause" burden reflects the appropriate deference to this factor. *Id*.

IV. **Discussion**

  A. **Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the Western District of Texas, and the Court agrees. Thus, the threshold determination is met.

  B. **Private and Public Interest Factor Analysis**

  *1.  Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316.

This Court has previously made it clear that it will not accept bald assertions or unqualified assumptions made in briefing as evidence to support a motion to transfer venue. *See DE*

4

*Technologies, Inc. v. E4X Inc.*, 2011 WL 1113486, at * 3 (E.D. Tex. 2011). Both Defendants and Plaintiffs ask the Court to make assumptions as to the location of sources of proof and witnesses without providing evidence to support these assumptions. For example, Defendants state that Plaintiff is located in the Western District, and, based on no other evidence, assume that there will be easy access to Plaintiff's documentary evidence and witnesses in the Western District. Additionally, despite the fact that the motion to transfer venue was brought or joined by all but a few of the defendants, Defendants' briefing and attachments offers no evidence of where the witnesses or documentary evidence of the vast majority of Defendants are located. Instead, Defendants merely offer evidence that Dell's documents and witnesses are located in the Western District of Texas and then state that "[o]ther Defendants' documentary evidence is likely scattered across several locations or regions." Defendants also provide some affidavit evidence from a handful of defendants stating that they have no offices, facilities, or employees in the Eastern District, but the affidavits do not state where those defendants' witnesses and evidence relevant to this case are located. Similarly, Plaintiff provides evidence that two of the Defendants have property in the Eastern District of Texas and eight of the defendants have "agents (e.g., employees, officer, etc.)" in the Eastern District of Texas. However, Plaintiffs offer no evidence as to whether there are any relevant documents in the Eastern District of Texas or whether the "agents" of Defendants residing in the Eastern District are potential witnesses in this case. In short, neither Defendants nor Plaintiff has provided much in the way of evidence on which the Court can base its ruling.

The Court declines to make the kind of assumptions made by both parties in their briefing and will only consider the actual evidence provided by the parties in determining where the

sources of proof for this case are located. Defendant Dell Inc. provided an affidavit that its documents and witnesses with information relevant to this lawsuit are located at Dell's principal place of business in Round Rock, Texas, within the Western District of Texas. Additionally, there is no evidence that there are any documents or witnesses with relevant information, whether party or nonparty witnesses, located in the Eastern District of Texas. This dearth of information as to the location of witnesses and documents *relevant to this litigation* is especially troublesome considering the fact that the Court delayed the briefing of this motion and ruling on this motion so that the parties could conduct discovery on these issues. It is clear from the limited evidence provided that this district has little if any connection to this litigation; however, the Defendants have failed to provide evidence that significant sources of proof are located in the Western District of Texas such that transfer is warranted. Accordingly, this factor is neutral.

### 2. Availability of Compulsory Process and the Cost of Attendance of Willing Witnesses

The next two private interest factors are the availability of compulsory process to secure the attendance of non-party witnesses and the cost of attendance of willing witnesses. Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. The availability of compulsory process factor, therefore, will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *See id.* This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *See id.* The Court must also weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Western District of Texas. The Fifth Circuit has explained:

> When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. Accordingly, the Fifth Circuit has established the 100 mile rule and gives substantial weight to this factor when witnesses will be required to travel more than 100 miles to attend trial. The Court must consider the convenience of both the party and non-party witnesses under this factor. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

As discussed above, neither Defendants nor Plaintiffs has identified any witnesses, whether party or non-party, or provided evidence as to the location of witnesses. Both of these factors, therefore, are also neutral.

### 3. *Other Practical Problems—Judicial Economy*

Although not specifically enumerated as one of the private or public interest factors, judicial economy is an important consideration in a motion to transfer venue, and this Court generally considers it under the "other practical problems" private interest factor. *See, e.g., Rembrandt Vision Technologies, L.P. v. Johnson & Johnson Vision Car, Inc.*, 2011 WL 2937365, at * 2 (E. D. Tex. 2011) ("Issues of 'judicial economy' are generally considered in connection with the 'other practical problems' private interest factor.") (quoting *Software Rights Archive, LLC v. Google, Inc.*, 2011 WL 2950351, at * 3-4 (E.D. Tex. 2010)). The Federal Circuit has held that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be

7

determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir.1997). "In cases that involve a highly technical subject matter, such as patent litigation, judicial economy may favor transfer to a court that is already familiar with the issues involved in the case." *Zoltar Satellite Sys. v. LG Electronics Mobile Communications, Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005). Defendants argue that the time that Judge Yeakel has expended familiarizing himself with the technology and the patents-in-suit as a result of the Western District Action weighs in favor of transfer. According to Defendants, litigating the patents-in-suit almost simultaneously in this Court and the Western District of Texas would be a waste of judicial resources and risk inconstant outcomes. The Court agrees. Judge Yeakel has already conducted a technology tutorial and markman hearing on these same patents in the Western District Action and, thus, has expended considerable time and energy familiarizing himself with the technology at issue and the claims of the patents. A duplication of Judge Yeakel's efforts would be wasteful of judicial resources and detrimental to judicial economy. Accordingly, judicial economy considerations strongly favor transferring this case to Judge Yeakel in the Western District of Texas.

5.    *The Administrative Difficulties Flowing from Court Congestion*

The Court may also consider how quickly a case will come to trial and be resolved. *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Citing to judicial statistics which indicate that the average time to trial in the Western District

is 17.5 months while the average time to trial in the Eastern District is 25 months, Defendants argue that the Western District disposes of cases more quickly than this district and that this weighs in favor of transfer. However, the Court notes that this case is currently set for trial in July 2013. While the Western District Action has not yet been assigned a trial date, it has already been pending for roughly 24 months and has only recently held a markman hearing. While it is impossible to precisely predict when this case might go to trial if transferred to the Western District, given the speed at which the Western District Action has progressed, it seems unlikely that this case would proceed to trial significantly earlier in the Western District than the current trial setting. Accordingly, this factor is neutral.

      6.    *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See Volkswagen II*, 545 F.3d at 318. Courts may look to where the accident occurred, where the witnesses live, where the evidence is located, and where the parties live. *Id*. However, interests that "could apply virtually to any judicial district or division in the United States" are disregarded in favor of particularized local interests. *Id.*

Defendants argue that this district has only an attenuated interest in this case and not enough to justify the imposition on the Court's time in adjudicating this case. Without providing much factual basis, Defendants assert that only two of the remaining defendants have offices in the Eastern District and that all of the other defendants have no witnesses, research or development

9

directed to the accused products in the Eastern District. Defendants further argue that the Western District of Texas has a superior interest in the resolution of this matter because both Plaintiff and Defendant Dell Inc. have their principle places of business in Austin, within the Western District of Texas. Plaintiff, however, argues that the citizens of the Eastern District have a substantial interest in correcting any wrongdoing on the part of companies that do business here. While Plaintiff does not elaborate on this statement, the Court presumes that plaintiffs are referring to the two remaining defendants who have offices within the Eastern District of Texas. Because two of the parties appear to have ties to the Western District and two of the parties appear to have ties to this district, the Court finds that this factor is neutral.

7. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. The parties agree that this factor is neutral.

8. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, and, thus, this factor is neutral.

## V. The Court Grants Defendants' Motion to Transfer

All but one of the private and public interest factors are neutral. Generally, such an outcome would result in a ruling that the Defendants have not met their burden of demonstrating that the Western District of Texas is clearly more convenient. However, judicial economy considerations weigh heavily in favor of transfer in this case. As discussed above, the Federal Circuit has held that in patent cases the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal.*, 119 F.3d

at 1565. This is such a case. Accordingly, despite the neutrality of the majority of the private and public interest factors, the Court GRANTS Defendants' motion to transfer venue in order to conserve judicial resources and allow Judge Yeakel, who is already familiar with the technology and patent claims at issue, to preside over this case.

Because the Court has granted Defendants' motion to transfer venue under 28 U.S.C. § 1404(a), it need not decide whether transfer is required under the first –to-file rule or the "customer suit" exception.

## VI. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue to the Western District of Texas (Dkt. No. 158) and TRANFERS this case to the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1404(a).

It is so ORDERED.

SIGNED this 15th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE