IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BANDSPEED, INC. | § | |
| | § | CIVIL ACTION NO. 1:11-CV-771-LY |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| ACER, INC.; *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendants*. | § | |

**PARTIES' JOINT STATUS REPORT**

## I. Introduction

Pursuant to the Court's instructions at the September 30, 2011 Scheduling Conference, the parties have met and conferred multiple times, in person and by e-mail and telephone, to address various issues in this case (the "771 case") and in the related action *Bandspeed, Inc. v. Sony, Inc. et al.*, No. AU:11-CV-771-LY (the "593 case"). The parties to this 771 case make the following proposals regarding joining new parties, trial, discovery, and how the 771 and 593 cases might be coordinated. Issues unique to the 593 case are addressed in the joint status report submitted by the parties in that action.[1]

## II. Adding Other Parties and/or Newly Accused Products

### A. Plaintiff's Position

Plaintiff does not oppose Defendants seeking to add chip suppliers as parties. However, if the Court allows Defendants to add chip suppliers as parties, Plaintiff will need to conduct some discovery against the chip suppliers before Plaintiff can prepare cross-

[1] Although the parties originally attempted to draft a single status report for both cases, the parties in the 593 case decided to file their own status report.

claims and infringement contentions against the suppliers. (*See* 593 case at Dkt. 103, Plaintiff's Response to CSR's Motion to Intervene (explaining reasons Plaintiff needs additional information before making its final infringement contentions against chip suppliers).)

Plaintiff intends to identify additional infringing products in an amended complaint and include them in the trial of the 593 and 771 cases. Plaintiff prefers to have one month after the Court enters the Scheduling Order to identify the additional infringing products in an amended complaint; however, if the Court determines that a shorter time frame is required, then Plaintiff can identify additional infringing products in the 593 and 771 cases by the later of October 31, 2011, or within 3 business days after the Scheduling Order is entered.

**B. Defendants' Position**

Based on the currently accused and specifically identified products in Plaintiff's infringement contentions and its operative complaint, at least Defendant Dell from the 771 case will implead another chip supplier (Broadcom), and is prepared to do so by November 21, 2011.

As addressed above, however, Plaintiff intends to move the Court for leave to file an amended complaint in both the 593 and 771 cases to add a great many accused products (and perhaps to bring antitrust and related state law claims against at least one party in the 593 case). The Customer Defendants (i.e., the named Defendants with accused products that contain Bluetooth chips supplied by chip suppliers) will oppose any such motion. Further, the Customer Defendants oppose Plaintiff's request to wait one month after the Court enters a Scheduling Order for Plaintiff to file its motion for leave to file an amended complaint.

Plaintiff should be required to file any such motion (with an identification of any additional products that it wants to accuse) by October 31, 2011 so that Customer Defendants can begin immediately to take the necessary steps to involve other parties should the Court ultimately decide to allow Plaintiff to amend. Customer Defendants believe it would be most efficient for Plaintiff to sue any other chip suppliers directly, rather than requiring the Customer Defendants to implead other chip suppliers.

If the Court grants Plaintiff leave to amend its complaint over Defendants' objections, several Customer Defendants may seek leave to implead additional chip manufacturers that may be implicated by the addition of any newly accused products. However, because the Customer Defendants do not yet know the identity of the new products Plaintiff seeks to accuse, much less the identity of the chip suppliers involved in those products, any due date for Customer Defendants to prepare and file third-party claims against any newly identified chip suppliers should be postponed until after the Court rules on Plaintiff's opposed motion to amend its complaint.

## III. Schedule and Trial Setting

As expressed during the September 30 hearing, the parties have different preferences and concerns regarding an acceptable schedule and trial setting. The parties from the 771 case have identified two trial options—the "Supplier First" option and the "Single Trial" option, both outlined below.

Supplier First: As discussed at the September 30 hearing, this is primarily a dispute between Plaintiff and the chip suppliers. Thus, the "Supplier First" option provides an efficient way to handle this case that would promote judicial economy. In this option, a first trial would proceed against any and all chip suppliers who become parties to the 593 and 771

cases, including at least CSR and Broadcom, regarding infringement of chips provided by the chip suppliers, with a later trial against the Customer Defendants relating to their accused products, if necessary. The Customer Defendants do not think a later trial will be necessary, however, since any determination of infringement against the chip suppliers should resolve the claims against the Customer Defendants. The first trial from the Supplier First option would encompass CSR's declaratory judgment action that none of its chips infringe Plaintiff's patents. Further, the first trial from the Supplier First option would include whatever standard-setting organization ("SSO")-related claims and defenses that are raised by the chip suppliers. The Supplier First option is consistent with the possibility (described below) that at least some Customer Defendants may move to stay, or to sever and stay, Plaintiff's claims against them in favor of the claims against the chip suppliers. This trial option provides a first trial that is manageable and efficient, while also likely resolving any outstanding claims against the Customer Defendants (if any).

Single Trial: The Single Trial option is similar to the Supplier First option in that there will be a single trial for any and all chip suppliers who become parties to the 593 and 771 cases, including at least CSR and Broadcom, and all chips and/or accused products containing those chips. The Single Trial option would also encompass CSR's declaratory judgment action that none of its chips infringe Plaintiff's patents, the SSO-related claims and defenses raised by the parties, and Plaintiff's antitrust claims against the Customer Defendants (assuming such claims are not dismissed based upon Defendants' pending motion[2] or are not subject to a later summary judgment motion). If the Court decides that all

[2] Certain Defendants and the Bluetooth SIG filed motions to dismiss Plaintiff's antitrust claims. (*See, e.g.*, Dkt. 356.) The motions to dismiss are fully briefed and ready for resolution by the Court.

chips and/or accused products should proceed in the same action as in the Single Trial option, some Customer Defendants may move to stay (or to sever and stay) Plaintiff's claims against them in favor of the claims against the chip suppliers.

The Supplier First and Single Trial options both contemplate a trial date sometime in the summer of 2013. Notably, when the 771 case was pending in the Eastern District of Texas, Judge Ward issued a docket control order setting trial for July 1, 2013. Further, a trial date in the summer of 2013 is approximately three years after the 771 case was filed in the Eastern District. The table below presents proposed dates of key events:

| Proposed Dates | Proposed Event |
|---|---|
| Oct. 31, 2011[3] | Plaintiff files an opposed motion for leave to file an amended complaint to identify additional infringing products |
| Nov. 21, 2011 | Defendants to implead chip suppliers (i.e., at least Defendant Dell to implead Broadcom) |
| Dec. 21, 2011 | One month for chip suppliers to appear |
| Jan. *, 2011 | Scheduling conference for chip suppliers |
| 30 days after Scheduling Conference | Deadline for chip suppliers to request a new claim construction or file objections to the Court's existing claim construction order. |
| Feb. *, 2012 | Merits discovery begins pursuant to FRCP and Local Rules, unless the parties have stipulated otherwise |
| 60 days after Scheduling Conference | Deadline for chip suppliers to file invalidity contentions |
| Summer 2013 | Trial date |

Defendants' proposed dates are based on the currently accused and specifically identified products in Plaintiff's infringement contentions and its operative complaint. To the extent that the Court grants Plaintiff leave to amend its complaint over Defendants' objections, at least some of the proposed dates will need to be adjusted. Specifically, any

[3] As discussed above, while none of the Defendants agree that Plaintiff should be allowed to accuse any more products, Defendants propose that Plaintiff should be required to file a motion for leave to amend by October 31, 2011 so that Customer Defendants can begin immediately to take the necessary steps to involve other parties should the Court ultimately decide to allow Plaintiff to amend.

due date for Customer Defendants to prepare and file claims against any newly identified chip suppliers should be postponed until after the Court rules on Plaintiff's opposed motion to amend its complaint.

The following parties would like to proceed under either the Supplier First or the Single Trial options: Acer, Inc.; Acer America Corporation; Belkin International, Inc.; Belkin, Inc.; Garmin International, Inc.; Garmin USA, Inc.; Hewlett-Packard Company; Hewlett-Packard Development Company, L.P.; Kyocera International, Inc.; Kyocera Communications, Inc.; Lenovo (United States) Inc.; LG Electronics, Inc.; LG Electronics U.S.A., Inc.; LG Electronics MobileComm U.S.A., Inc.; Motorola Solutions, Inc.; Motorola Mobility, Inc.; Plantronics, Inc.; and Research in Motion Limited Research In Motion Corporation.

The following parties would like to proceed under the Supplier First option: Dell, Inc; GN Netcom A/S; GN U.S., Inc.; Huawei Technologies Company, Ltd.; TomTom International B.V.; TomTom, Inc.; Toshiba Corporation; Toshiba America Information Systems, Inc.; Toshiba America, Inc.; and Bluetooth SIG, Inc.

At this time, Defendants HTC Corporation and HTC America, Inc. (collectively "HTC") do not select either option outlined above. HTC believes that currently the uncertainties surrounding the possible addition of accused products and chip suppliers make such selection premature. HTC may propose a different trial structure and schedule for the Court's and the parties' consideration once more information, such as ultimately what products and which suppliers will be in the matter for trial, becomes available.

Defendants' Position: The Status Report filed in the 593 case (the "593 report") contains one trial option where the 593 case proceeds to trial first (followed by a second trial

for the 771 case) and another trial option where claims related to CSR and/or chips supplied by CSR proceeds to trial first (followed by a second trial for any other chip suppliers and/or chips). The Defendants from the 771 case oppose these two trial options in the 593 report because they both necessarily require multiple trials on infringement. In contrast, the Supplier First and Single Trial options proposed here by Defendants from the 771 case eliminate duplicative trials on infringement. Further, each of the Supplier First or Single Trial options would eliminate (or at least reduce) any potentially prejudicial and preclusive effect that a first trial on infringement would have on any later trial on infringement. The Single Trial or Supplier First options may also entirely resolve Plaintiff's claims against the Customer Defendants so that no further trials are necessary. Tom-Tom suggests the following: If the Court chooses the option proposed in the 593 report wherein the where the 593 case proceeds to trial first to be followed by a second trial for the 771 case, some of the 771 Defendants would propose that further proceedings in the 771 case be stayed pending the entry of a final judgment by this Court in the 593 case.

Plaintiff's Position: Bandspeed would like to proceed to trial under a Single Trial option that includes only existing parties to both the 593 case and the 771 case in order to try the case preferably in November 2012, if that setting is convenient for the Court. Plaintiffs are not in favor of a Single Trial option that extends the case into 2013 or allows for new parties to participate in such a trial.

The Single Trial option best promotes judicial economy because the existing parties have conducted substantial discovery and can be in a position to try the case within 12 months time. The Supplier First option (contained in this 771 status report) and CSR-only trial (contained in the 593 report) would necessitate numerous additional trials to fully

dispose of the various aspects surrounding this litigation and would create a loophole whereby the parties could try the same case, using the same evidence on numerous occasions. Bandspeed submits that the position taken by CSR in the 593 action, a CSR-only trial, would not only require a second trial against CSR on Bandspeed's antitrust and related state-law claims, but would also require a third trial for Bandspeed's claims against other chip suppliers, including Broadcom, and against customer Defendants, including Dell, on their products that contain chips from other chip suppliers. If the Court permits Bandspeed to identify additional infringing products, then it is not clear whether a CSR-only trial calls for a trial against Defendants on their products that contain CSR chips and then another trial at a later date against those same Defendants on their products that contain chips from Broadcom or another chip supplier.

CSR states in its report from the 593 case that its "customers in both Actions are covered by the Sony Action and will be bound by the judgment in that case insofar as CSR chips are concerned." Bandspeed has seen nothing from the Defendants in the 771 case agreeing to be bound by a finding of infringement against CSR in this action. Plaintiff assumes that many of CSR's customers in both this case and the 771 case will be parties to this trial and that Plaintiff's claims against those CSR customers will proceed to trial along with Plaintiff's claims against CSR under this option.

## IV. Discovery

During the September 30 scheduling conference, the parties discussed streamlining the discovery process. (*See* Sept. 30, 2011 Transcript at 22: 1-9; 24:13 - 25: 3.) The parties contemplate at least two ways to accomplish this goal: by providing certain discovery within

30 days after the Court enters a common protective order in both the 593 and 771 cases, and by limiting the scope of discovery as the case proceeds thereafter.

**A. Discovery Within 30 Days After Entry of Protective Order**

The parties to the 771 action agree to provide the following discovery within 30 days after entry of a protective order in both the 593 and 771 cases:

1. The Bluetooth SIG produces to Defendants in the 771 case (a) a copy of its deposition and deposition exhibits taken in the 593 case; (b) a copy of all documents produced by the Bluetooth SIG to Plaintiff in the 593 case; (c) a copy of the minutes or other voting records of the Bluetooth SIG and its subgroups, including working groups, that show the date and subject matter of the votes leading to adoption of the adaptive frequency hopping provisions of the Bluetooth Specificatons, version 1.2.

2. Plaintiff produces to Defendants in the 771 case: (a) a copy of its deposition and deposition exhibits taken in the 593 case; (b) a copy of Plaintiff's withdrawal letter to the Bluetooth SIG and the accompanying green card; and (c) a copy of the versions of the Bluetooth SIG license agreement and other agreements in its possession that Plaintiff believes were in effect during the time period January 2000 through December 2003.

3. Plaintiff produces to parties in the 593 and 771 cases a copy of Plaintiff's licenses and settlement agreements concerning the patents-in-suit.

4. All parties produce to all other parties in the 593 and 771 case: (a) a copy of any alleged submission by Plaintiff or its employees to the Bluetooth SIG and/or IEEE concerning adaptive frequency hopping; (b) a copy of the versions of the

Bluetooth SIG license agreement that the producing party believes were in effect during the time period January 2000 through December 2003.

5. Customer Defendants in the 771 case provide Plaintiff with the annual volume of their respective accused products[4] that are used, made, sold, offered for sale or imported into the U.S. since April 11, 2006.

**B. Further Discovery**

The parties are engaged in discussions related to any additional discovery that may be required, including any needed technical discovery, in both the 593 case the 771 case. Plaintiff has provided CSR and Customer Defendants in both cases proposed sets of discovery, and likewise, CSR and Customer Defendants have provided Plaintiff with a proposed set of discovery.

**V. Protective Order**

Judge Ward issued a protective order when the 771 case was pending in the Eastern District of Texas. (Dkt. 530, Civil Action No. 2:10-cv-215.) Plaintiff revised Judge Ward's protective order and sent it to the parties for both the 593 and 771 cases for review. Plaintiff proposes that this Court adopt its revised version of Judge Ward's protective order in both the 593 and 771 actions unless the parties are able to reach agreement by October 31, 2011.

Given the overlap of discovery between the 593 and 771 cases, a common protective order is needed to govern shared discovery between the two cases. Defendants from the 771 case are reviewing Plaintiff's revisions to Judge Ward's protective order but have not had time to reach agreement. Further, CSR and the Defendants from the 593 case did not have

[4] Customer Defendants only agree to provide such information based on the currently accused and specifically identified products in Plaintiff's infringement contentions and its operative complaint. If Plaintiff is permitted to amend its complaint over Defendants' objections to include new accused products, Defendants will need additional time to collect and provide such information.

any input in the negotiations and/or briefing that led to Judge Ward's protective order, and may want to suggest new and/or different provisions for a protective order. More time is needed to negotiate a common protective order between both cases. Defendants from the 771 case are hopeful that all of the parties will be prepared to file a joint motion for entry of a common protective order in both the 593 and 771 actions by November 18, 2011.

## VI. Order Regarding Electronically Stored Information ("ESI Order")

Judge Ward also issued an ESI Order to govern document production when the Acer Action was pending in the Eastern District of Texas. (Dkt. 529, Civil Action No. 2:10-cv-215.) Plaintiff has indicated that it wants to use the same ESI Order before this Court. The Defendants from the 771 case have never believed that an ESI Order is necessary, and continue to hold that belief. To the extent that an ESI Order needed, the Defendants from the 771 case do not object to entry of Judge Ward's ESI Order in this Court.

Respectfully submitted,
Dated: October 24, 2011

**For Plaintiff Bandspeed, Inc.**

/s/ *Christopher V. Goodpastor*
Christopher V. Goodpastor
State Bar No. 00791991
WATTS GUERRA CRAFT L.L.P.
811 Barton Springs Road
Suite 725
Austin, Texas 78704
Telephone: (512) 479-0500
Facsimile: (512) 479-0502

Mikal C. Watts
State Bar. No. 20981820
Francisco Guerra, IV
State Bar No. 00797784
Edward W. Allred
State Bar No. 50511764
Mark Fassold

**For Defendants Motorola Mobility Inc. & Motorola Solutions, Inc.**

By: */s/ Bonnie M Grant*
William H. Boice
GA Bar No. 065725 (*pro hac vice*)
Steven D. Moore
GA Bar No. 520745
Michael J. Turton
TX Bar No. 00794761
Bonnie M. Grant
TX Bar No. 24067634
Leroy Toliver
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4530
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

State Bar No. 24012609
WATTS GUERRA CRAFT LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
Telephone: (210) 527-0500
Facsimile: (210) 527-0501

Kurt M. Sauer
State Bar No. 17673700
Kevin L. Daffer
State Bar No. 05307300
DAFFER MCDANIEL LLP
700 Lavaca Street, Suite 720
Austin, Texas 78701
Telephone: (512) 476-1400
Facsimile: (512) 703-1250

Mark A. Mayfield
TX State Bar No. 13284390
Mark T. Mitchell
TX State Bar No. 14217700
**GARDERE WYNNE SEWELL LLP**
One America Center
600 Congress Avenue, Suite 3000
Austin, TX 78701-2978
Telephone: (512) 542-7000
Facsimile: (512) 542-7315
mmayfield@gardere.com
mmitchell@gardere.com

**For Defendants Acer, Inc. and Acer America Corporation**

By: *<u>/s/ James H. Lin</u>*
Steven S. Baik
James H. Lin
Michael Ting
**FREITAS, TSENG, BAIK & KAUFMAN LLP**
100 Marine Parkway, Suite 200
Redwood City, CA 94065
Telephone: (650) 593-6300
Facsimile: (650)593-6301
Email: sbaik@ftbklaw.com
jlin@ftbklaw.com
mting@ftbklaw.com

Eric Hugh Findlay
State Bar No. 00789886
Roger Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT**
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**For Defendants Belkin International, Inc. and Belkin, Inc.**

By: *<u>/s/ Lawrence G. Kurland</u>*
Christopher R. Johnson
State Bar No. 24062804
Kevin James Terrazas
State Bar No. 24060708
**YETTER COLEMAN LLP**
221 Sixth Street, Suite 750
Austin, TX 78701
Telephone: (512) 533-0150
Facsimile: (512) 533-0120
Email: cjohnson@yettercoleman.com

Lawrence G. Kurland
Joseph J. Richetti
**BRYAN CAVE LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 541-1235
Facsimile: (212) 541-4630
Email: lgkurland@bryancave.com
Email: joe.richetti@bryancave.com

**For Defendant Dell Inc.**

By: */s/ Sarah R. Holland*
Michael C. Barrett
Sarah R. Holland
Sheila Kadura
**FULLBRIGHT & JAWORSKI**
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
mbarrett@fullbright.com
sholland@fullbright.com
skadura@fulbright.com

**For Defendants Research In Motion Limited and Research In Motion Corporation**

By: */s/ Teague I. Donahey*
David T. Pritikin
**Sidley Austin LLP**
Bank One Plaza
One South Dearborn Avenue
Chicago, IL 60603

Teague I. Donahey
Aseem Saran Gupta
Philip W. Woo
**Sidley Austin LLP**
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: 415.772.1200
Facsimile: 415.772.7400
tdonahey@sidley.com
agupta@sidley.com
pwoo@sidley.com

Duy D. Nguyen
**Sidley Austin LLP**
1001 Page Mill Road
Bldg 1
Palo Alto, CA 94304
Telephone: 650/565-7016
Facsimile: 650/565-7100
dnguyen@sidley.com

Li Chen
**Sidley Austin LLP**
717 North Harwood
Suite 3400
Dallas, Tx 75201
Telephone: 214.981.3385
Facsimile: 214.981.3400
lchen@sidley.com

Brian R. Nester
Kevin Christopher Wheeler

**Sidley Austin LLP**
1501 K St NW
Washington, DC 20005
Telephone: (202) 736-8907
Facsimile: (202) 736-8711
bnester@sidley.com
kwheeler@sidley.com

Steven R. Borgman
William L. LaFuze
**VINSON & ELKINS LLP**
1001 Fannin St., Suite 2500
Houston, TX 77002
Telephone: 713-758-2002
Facsimile: 713-615-5758
sborgman@velaw.com
wlafuze@velaw.com

Ajeet P. Pai
David B. Weaver
**VINSON & ELKINS LLP**
The Terrace 7
2801 Via Fortuna, Suite 100
Austin, TX 78746
Telephone: (512) 542-8798
Facsimile: (512) 236-3317
apai@velaw.com
dweaver@velaw.com

**For Defendants Garmin International, Inc. and Garmin USA, Inc.**

By: */s/ Michelle L Marriott*
Eric Buresh, admitted pro hac vice
Adam Seitz, admitted pro hac vice
Michelle L. Marriott
State Bar No. 24043802
**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
eburesh@shb.com
aseitz@shb.com
mlmarriott@shb.com

**For Defendant Bluetooth SIG, Inc.**

By: */s/ John Shorb*
Clyde M. Siebman
State Bar No. 18341600
Bryan H. Burg
State Bar No. 03374500
Stephanie R. Barnes
State Bar No. 24045696
**SIEBMAN, BURG, PHILLIPS & SMITH, LLP**
4949 Hedgcoxe Rd., Suite 230
Plano, Texas 75024
Telephone: 214-387-9100
Facsimile: 214-387-9125
clydesiebman@siebman.com

Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
**SCOTT, DOUGLASS & McCONNICO**
One American Center
600 Congress Ave., 15th Floor
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: 512/474-0731
smcconnico@scottdoug.com
swingard@scottdoug.com

bryanburg@siebman.com
stephaniebarnes@siebman.com

Charles I Kelhoffer
Arizona State Bar No. 005457
John Shorb
Arizona State Bar No. 023995
**KELHOFFER MANOLIO & FIRESTONE**
9300 East Raintree Drive, Suite 120
Scottsdale, Arizona 85260
Telephone: 480-222-9100
Facsimile: 480-222-9106
ckelhoffer@kmflawfirm.com
jshorb@kmflawfirm.com

**For Defendants GN Netcon A/S and GN U.S., Inc.**

By: */s/ Brenna G. Nava*
William B. Nash
State Bar No. 14812200
Brenna G. Nava
State Bar No. 24045076
**HAYNES AND BOONE**
112 East Pecan Street, Suite 1200
San Antonio, TX 78205-1540
Telephone: (210) 978-7000
Facsimile: (210) 554-0484
bill.nash@haynesboone.com
brenna.nava@haynesboone.com

**For Defendants Hewlett-Packard Company and Hewlett-Packard Development Company, LP**

By: */s/ Thomas R. Davis*
Rick L. Rambo
State Bar No.00791479
David J. Levy
State Bar No. 12264850
Thomas R. Davis
State Bar No. 24055384
F. Teresa Garcia-Reyes
State Bar No.24045918
**MORGAN LEWIS & BOCKIUS, LLP**
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
rrambo@morganlewis.com
tdavis@morganlewis.com
tgarcia-reyes@morganlewis.com
jlevy@morganlewis.com

**For Defendants HTC Corporation and HTC America, Inc.**

By: */s/ Kyle Chen*
Heidi Lyn Keefe
CA State Bar No. 178960

**For Defendant Plantronics, Inc.**

By: */s/ Stephen J. Kontos*
Thomas E. Bejin (*Pro Hac Vice*)
R. Terrance Rader (*Pro Hac Vice*)
Stephen J. Kontos (*Pro Hac Vice*)

Mark R. Weinstein
CA State Bar No. 193043
**COOLEY LLP**
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
hkeefe@cooley.com
mweinstein@cooley.com

Kyle D. Chen
Jason C. Fan
Lori R. Mason
**COOLEY LLP**
3000 El Camino Real
Five Palo Alto Square, 4th Floor
Palo Alto, CA 94306
Telephone: (650) 843-5019
Facsimile: (650) 857-0663
kyle.chen@cooley.com
jfan@cooley.com
lmason@cooley.com

Eric Hugh Findlay
State Bar No. 00789886
Roger Brian Craft
State Bar No. 04972020
**FINDLAY CRAFT**
6760 Old Jacksonville Hwy, Suite 101
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**RADER, FISHMAN & GRAUER, PLLC**
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Telephone: (248) 594-0600
Email: teb@raderfishman.com

J. Pat Heptig
State Bar No. 00793940
**HEPTIG LAW GROUP, LTD.**
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Telephone: (214) 451-2154
Email: PHeptig@heptiglaw.com

**For Defendants TomTom International B.V. and TomTom, Inc.**

By: */s/ Larry F. York*

Colm MacKernan
**ORIGIN LTD.**
Twisden Works
Twisden Road
London NW5 1DN, United Kingdom
Telephone: +44 (0)20 7424 1950

**For Defendant Huawei Technologies Co., Ltd.**

By: */s/ Daniel T. ConradT*

Daniel T. Conrad
Daniel Thomas O'Brien
**JONES DAY**
2727 N. Harwood Street
Dallas, TX 75201-1515
Telephone: (214) 969-2963

Facsimile: +44 (0)20 7209 0643
Email: colm.mackernan@origin.co.uk

Kevin Paul Anderson
Brian H. Pandya
Joseph Shin
**WILEY REIN LLP**
1776 K Street NW
Washington, DC 20006
Telephone: 202/719-3586
Facsimile: 202/719-7049

Larry F. York
**McGinnis, Lochridge & Kilgore, LLP**
600 Congress Avenue, Suite 2100
Austin, TX 78701
Telephone: (512) 495-6075
lyork@mcginnislaw.com

Facsimile: (214) 969-5100
dtconrad@jonesday.com
dtobrien@jonesday.com

**For Defendants LG Electronics, Inc. LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc.**

By: *<u>/s/ Wasif H. Qureshi</u>*
David J. Healey
Michael J. McKeon
Garland T. Stephens
Wasif H. Qureshi
**FISH & RICHARDSON PC**
1221 McKinney Street, Ste 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109
healey@fr.com
mckeon@fr.com
stephens@fr.com
qureshi@fr.com

David Brandon Conrad
**FISH & RICHARDSON PC**
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

**For Defendants Kyocera International, Inc. and Kyocera Communications, Inc.**

By: *<u>/s/ Victor M. Felix</u>*
Victor M. Felix
State Bar No. 179622
Anthony J. Dain
State Bar No. 098947
**PROCOPIO CORY HARGREAVES & SAVITCH, LLP**
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 515-3229
Facsimile: (619) 744-5409
Email: vmf@procopio.com

William B. Nash
State Bar No. 14812200
**HAYNES AND BOONE**
112 East Pecan Street, Suite 1200
San Antonio, TX 78205-1540
Telephone: (210) 978-7000
Facsimile: (210) 554-0484
bill.nash@haynesboone.co

Email: contrad@fr.com

**For Defendant Lenovo (United States) Inc.**

By: *<u>/s/ Fred I. Williams</u>*
Fred I. Williams
State Bar No. 00794855
Marwan Elrakabawy
State Bar No. 24055447
**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 West 6th Street, Suite 2100
Austin, TX 78701
Telephone: (512) 499-6200
Facsimile: (512) 499-6290
fwilliams@akingump.com
melrakabawy@akingump.com

**For Defendants Toshiba Corporation, Toshiba America Information Systems, Inc. and Toshiba America, Inc.**

By: *<u>/s/ David Phillips Whittlesey</u>*
Jeffrey Sherwood
**DICKSTEIN SHAPIRO LLP**
1825 Eye Street NW
Washington, D.C. 20006-5403
Telephone: (202) 420-3602
Facsimile: (202) 420-2201
Sherwood@dicksteinshapiro.com

Lawrence A. Phillips
**SIEBMAN BURG PHILLIPS & SMITH, LLP**
113 East Austin Street
P.O. Box 1556
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (903) 767-4620
Email: michaelsmith@siebman.com

Michael Charles Smith
State Bar No. 18650410
**LAW OFFICES OF CARL R. ROTH**
P.O. Drawer 876
Marshall, TX 75671
Telephone: (903) 935-1665
Facsimile: (903) 935-1797
ms@rothfirm.com

David Phillips Whittlesey
J. Roger Williams, Jr.
**ANDREWS KURTH LLP**
111 Congress Avenue
Suite 1700
Austin, TX 78701
Telephone: (512) 320-9330
Facsimile: (512) 320-9292
dwhittlesey@akllp.com
rwilliams@andrewskurth.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PARTIES' JOINT STATUS REPORT was submitted to the Court by electronic filing for service upon all counsel of record who are registered for ECF notifications, in accordance with the court's ECF procedures, on the 24th day of October, 2011. Additionally, I certify that a copy of the foregoing was served via U.S. Mail to all non-ECF counsel of record as follows:

Brian H. Pandya
Wiley Rein LLP
1776 K St., NW
Washington, DC 20006

Deron R Dacus
Ramey & Flock
100 East Ferguson Ste 500
Tyler, TX 75702

Duy D Nguyen
Sidley Austin LLP
1001 Page Mill Road Bldg 1
Palo Alto, CA 94304

Eric A Buresh
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108-2613

F. Teresa Garcia-Reyes
Morgan, Lewis & Bockus, LLP
1000 Louisiana St., Ste 4000
Houston, TX 77002

Harry Lee Gillam , Jr
Gillam & Smith, LLP
303 South Washington Ave.
Marshall, TX 75670

James H Wallace , Jr
Wiley Rein LLP

Jeffrey Kirk Sherwood
Dickstein Shapiro, LLP- DC
1825 Eye Street NW
Washington, DC 20006-5403

Joseph Shin
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

Kevin Christopher Wheeler
Sidley Austin - Washington
1501 K St NW
Washington, DC 20005

Kevin Paul Anderson
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

Michael J. McKeon
Fish & Richardson PC
1425 K St. N. W., 11th Floor
Washington, DC 20005

Robert Christopher Bunt
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste 1114
Tyler, TX 75702

Shannon Marie Dacus
Ramey & Flock

1776 K Street NW
Washington, DC 20006

Michael E Jones
Potter Minton PC
110 N College, Ste 500
PO Box 359
Tyler, TX 75710

Michael J. McKeon
Fish & Richardson PC
1425 K St. NW, 11th Floor
Washington, DC 20005

100 East Ferguson Ste 500
Tyler, TX 75702

Duy D. Nguyen
Sidley Austin LLP
1001 Page Mill Rd., Bldg 1
Palo Atlo, CA 94304

*/s/ Bonnie M. Grant*
Bonnie M. Grant