IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BANDSPEED, INC., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| SONY ELECTRONICS INC.; SONY COMPUTER ENTERTAINMENT AMERICA, INC.; LEGO SYSTEMS, INC.; PARROT, INC., ACER, INC.; ACER AMERICA CORPORATION; BELKIN INTERNATIONAL, INC.; BELKIN, INC.; GARMIN INTERNATIONAL, INC.; GARMIN USA, INC.; GN NETCOM A/S; GN U.S., INC. A/K/A GN NETCOM, INC.; HTC CORPORATION; HTC AMERICA, INC.; HUAWEI TECHNOLOGIES CO., LTD.; KYOCERA INTERNATIONAL, INC.; KYOCERA COMMUNICATIONS, INC.; LG ELECTRONICS, INC.; LG ELECTRONICS, INC.; LG ELECTRONICS U.S.A., INC.; LG ELECTRONICS MOBILECOMM U.S.A., INC.; MOTOROLA SOLUTIONS INC. FNA MOTOROLA, INC.; MOTOROLA MOBILITY INC.; PLANTRONICS, INC.; RESEARCH IN MOTION LIMITED; RESEARCH IN MOTION CORPORATION; TOMTOM INTERNATIONAL B.V.; TOMTOM, INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; TOSHIBA AMERICA, INC.; AND BLUETOOTH SIG, INC., | § | CAUSE NO. A-11-CV-771-LY |
|     DEFENDANTS, | § | |
| | § | |
| AND | § | |
| | § | |
| CAMBRIDGE SILICON RADIO LIMITED, | § | |
|     INTERVENOR. | § | |

## ORDER CONSOLIDATING CASES AND ESTABLISHING SCHEDULE

I.

BEFORE THIS COURT are two related cases, *Bandspeed, Inc. v. Sony Electronics, Inc., et al.*, No. A-09-CV-593-LY (the "'593 Case") and *Bandspeed, Inc. v. Acer, Inc., et al.*, No. A-11-771-LY (the "'771 Case"). The '593 Case was originally filed in this court on August 7, 2009, and has proceeded through the claims-construction phase, with this court rendering a claims-construction order on August 12, 2011. The '771 Case arrived in this court shortly thereafter on September 6, 2011, having been transferred from the United States District Court for the Eastern District of Texas by order of August 15, 2011. The '771 Case had been filed in the Eastern District of Texas on June 30, 2010, approximately 11 months after the '593 Case was filed in this court, asserting the same patents in suit in this court in the '593 Case. To date, no plausible explanation has been given as to the filing of two clearly related cases in different United States district courts. The result of filing the two cases separately in different district courts is to greatly complicate the procedural posture of the dispute at the bottom of the cases.

On September 30, 2011, this court held a status conference, to which the court invited all parties in both cases to attend. At the conclusion of the conference, the court requested the parties file status reports in each case, suggesting ways to simplify matters and proceed in the most expeditious and economical manner. The parties filed joint status reports in both cases on October 24, 2011. Although many useful suggestions were contained in the reports, there was no consensus on a procedure. The court then set a second conference for December 12, 2011, again inviting all parties in both cases to attend. As with the status reports, the parties were unable to speak with one voice regarding the road to resolution of these cases.

The court therefore renders this order to govern this case, pending further orders of the court. In so doing, the parties should understand that this court likely may amend this order and revise certain portions of it as, if, and when additional parties are joined in this action. This order is rendered pursuant to the Local Rules of the United States District Court for the Western District of Texas, *see* W.D. Tex. Civ. R. CV-1(e), and the court's general power to establish and enforce a schedule in cases pending before it, *see* FED. R. CIV. P. 26-37. If a provision of this order is in conflict with a provision of any rule, this order shall take precedence.

II.

The parties should recognize that it is this court's intention to proceed to trial first in the disputes between Plaintiff Bandspeed, Inc. and Intervenor Cambridge Silicon Radio Limited ("CSR"). CSR contends that resolution of its conflict with Bandspeed would effectively resolve all of the issues in the '593 Case. However, at the two conferences, several parties indicated a desire to bring into this case other manufacturers or suppliers of chips used in products identified and to be identified by Bandspeed as infringing products. Some of those parties expressed the opinion that the court should proceed to trial first with all named manufacturers and suppliers, not just CSR. (This has been referred to as the "Supplier First" option in the status reports.) Other parties have indicated that to do so would be an exercise in improper joinder by this court. Under the current status of the pleadings, the only suppler named in either case is CSR. Thus, the court will establish a schedule that leads to an initial trial between Bandspeed and CSR, but leaves open the possibility of adding other suppliers or manufacturers to the parties who initially will proceed to trial.

III.

The court is further of the opinion that the two cases should be consolidated, in order that discovery may proceed in a more orderly fashion and there can be no question about the use of any discovery for or against any party on any issue in these cases. Federal Rule of Civil Procedure 42(a) permits a district court to consolidate "actions before the court involv[ing] a common question of law or fact." District courts have broad discretion in determining whether to consolidate cases. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989). Consolidation is proper when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See id.*; *St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983). The court has not determined, however, that the consolidated cases shall be tried as one and reiterates that there may be multiple trials in the consolidated case, as the issues may determine, and that the court may formally sever portions of the consolidated case into separate cases at a later time.

**IT IS, THEREFORE, ORDERED** that the '593 Case is consolidated with and into the '771 Case. The consolidated case shall be numbered A-11-CV-771-LY and styled as set forth in the caption of this order. The clerk of this court shall file a copy of this order in the '593 Case and shall close that case.

IV.

**IT IS FURTHER ORDERED** that the following schedule shall govern this case, pending further orders of this court:

1. Bandspeed shall file and serve an amended complaint on or before **December 23, 2011**, which shall constitute its live pleading in the consolidated case. The amended complaint shall

contain all allegations against any party and shall identify any additional alleged infringing products not previously asserted in either original case. No motion for leave to amend is required.

2. On or before **January 6, 2012**, Bandspeed and CSR shall file a proposed agreed protective order. The court expects Bandspeed and CSR to reach agreement on such order. If they are unable to reach such an agreement, Bandspeed and CSR shall file competing proposed protective orders, but are forewarned that the court may not adopt either proposal, but may render its own protective order or no protective order at all. On or before January 6, Bandspeed and CSR shall also file a proposed agreed discovery order and a proposed agreed order regarding production of documents and electronically stored information. The court expects Bandspeed and CSR to also reach agreement on such orders. If they are unable to do so, Bandspeed and CSR shall file competing versions, but are forewarned that the court may not adopt either version, but may render its own orders or none at all. The court further advises the parties that they will be better served by reaching agreement on these matters.

3. On or before **January 23, 2012**, all parties other than Bandspeed shall file and serve answers to Bandspeed's amended complaint. The answers shall contain all defenses and counterclaims known to any such party regarding any issue in either original case and implead any chip manufacturer or supplier not now a party to this case against whom any party desires to assert a claim. No motion for leave to amend is required. If a party adds a new party, that party shall serve a copy of this order on the new party with the complaint against the new party.

4. No additional amended pleadings may be filed by any party without leave of court.

5. On or before **January 27, 2012**, Bandspeed and CSR shall serve on one another all initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A)(I), (ii), and (iv).

6. Bandspeed and CSR may commence fact discovery upon exchange of the disclosures ordered in subparagraph 5, *supra*, and may, by agreement, conduct fact discovery before such exchange.

7. On or before **April 5, 2012**, any chip supplier or manufacturer who is joined as a party to this case after the date of this order shall file and serve a list of claims, other than those claims construed in this court's August 12, 2011 claims-construction order, contained in any patent in suit that the party requests this court to construe, and any objection the party may have to the court's August 12 order. In every other respect, the court's August 12 order shall govern claims construction in this consolidated case.

8. This case is set for a scheduling conference on **Thursday, April 12, 2012, at 10:00 a.m.** in Courtroom No. 1, Second Floor, United States Courthouse, 200 West 8th Street, Austin, Texas, to discuss revisions to this order that may be necessary if additional chip manufacturers or suppliers are added as parties in this case, as well as a schedule for the issues beyond those of Bandspeed and CSR. The court anticipates determining all scheduling matters not specifically addressed in this order at the conference. All parties are **ORDERED** to meet and confer prior to the conference to agree on a schedule that reasonably accommodates one another.

9. Bandspeed and CSR shall complete all fact discovery no later than **August 8, 2012**.

10. Bandspeed shall file and serve a list of all patents-in-suit claims against CSR for trial on or before **August 10, 2012**.

11. Bandspeed and CSR shall file and serve each party's designation of testifying experts on all issues on which that party has the burden of proof and the report of any such expert on or before **September 5, 2012**.

12. Bandspeed and CSR shall file and serve each party's designation of rebuttal experts and the report of any such expert on or before **October 5, 2012**.

13. Bandspeed and CSR shall complete all expert discovery no later than **November 7, 2012**.

14. Bandspeed and CSR shall file and serve any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702, by motion, specifically stating the basis for the objection and identifying objectionable testimony, on or before **November 14, 2012**. **The failure to strictly comply with this subparagraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.** The procedure set forth in this subparagraph is the sole procedure for objecting to a designated expert's proposed testimony. The court will entertain no motion in limine regarding an expert or an expert's testimony.

15. Bandspeed and CSR shall respond to any motion described in subparagraph 14, *supra*, on or before **November 28, 2012**.

16. Bandspeed and CSR may reply to any response described in subparagraph 15, *supra*, on or before **December 5, 2012**.

17. Bandspeed and CSR shall file all dispositive motions on or before **November 14, 2012**. No dispositive motion shall exceed 25 pages in length. The parties shall meet and confer before November 14, 2012, and agree on a joint appendix to contain all documents that the parties desire the court to consider with regard to the dispositive motions. The parties shall refer to the joint appendix in their motions. The parties shall not separately file summary-judgment proof.

18. Bandspeed and CSR shall respond to any motion described in subparagraph 17, *supra*, on or before **December 7, 2012**. No response shall exceed 20 pages in length.

19. Bandspeed and CSR may reply to any response described in subparagraph 18, *supra*, on or before **December 14, 2012**. No reply shall exceed 10 pages in length.

20. On or before **December 28, 2012**, Bandspeed and CSR shall file an agreed proposed jury charge, including all questions and instructions the parties desire submitted to the jury at trial in this case. The parties shall not separately file requested charge materials. Therefore, the parties should begin to meet and confer on an agreed charge well in advance of December 28, 2012.

21. On or before **January 11, 2013**, Bandspeed and CSR shall file and serve all other information and materials required by Local Rule CV-16(e), including that required by Local Rule CV-16(e)(10)(A) and (B). The parties should take particular note that Local Rule CV-16(e)(10) requires an estimate of the probable length of trial. The parties shall jointly, not separately, submit this estimate. Thus, the parties should meet and confer in advance of January 11, 2013, eliminate cumulative testimony and exhibits, and apprise the court of a reasonable estimate of the length of trial.

22. Motions in limine shall be limited to only anticipated evidence or questions that are so inflammatory or prejudicial that they cannot be cured by an objection or instruction to disregard. The court will neither read nor consider lengthy motions in limine, requesting relief from virtually everything a party may deem harmful.

23. Bandspeed and CSR may respond to any motion in limine on or before **January 16, 2013**. The court will entertain no reply to a response to a motion in limine.

24. Final Pretrial Conference on the issues between Bandspeed and CSR is set for **January 18, 2013, at 9:00 a.m.**, in Courtroom No. 7, Seventh Floor, United States Courthouse, 501 West 5th Street, Austin, Texas.

25. Jury selection and trial of the issues between Bandspeed and CSR is set for **February 4, 2013, at 9:00 a.m.**, in Courtroom No. 7, Seventh Floor, United States Courthouse, 501 West 5th Street, Austin, Texas.

V.

There are pending before this court two motions filed in the '771 Case before that case was transferred from the Eastern District of Texas: "Defendants' [Motorola Solutions, Inc., Belkin International, Inc., Belkin, Inc., GN Netcom A/S, GN U.S., Inc., Kyocera International, Inc., and Kyocera Communications, Inc.] Motion to Dismiss Claims Three through Eleven of Bandspeed's Amended Complaint and Brief in Support Thereof" filed February 22, 2011 (Clerk's Doc. #356) and "Defendant Bluetooth Sig, Inc.'s Motion to Dismiss All Claims Againsit It in Bandspeed's Amended Complaint and Brief in Support Thereof" filed April 11, 2011 (Clerk's Doc. #415). Because this order provides for the consolidation of the '771 Case with the '593 Case and establishes a schedule for the filing of amended pleadings, some of which may contain new or different allegations than originally pleaded, it is **ORDERED** that these motions are **DISMISSED WITHOUT PREJUDICE TO REFILING**.

VI.

**IT IS FINALLY ORDERED** that no party may take any action in this case, other than as set forth in this order, without leave of court.

SIGNED this __14th__ day of December, 2011.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE