FILED
2012 MAY 22 PM 3:38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BANDSPEED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CAUSE NO. A-11-CV-771-LY |
| v. | § | |
| | § | |
| SONY ELECTRONICS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code" by any of the supplying or receiving Parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information received from a third party, or otherwise. In designating information as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code," a Party will make such designation only as to the information that it in good faith believes contains confidential information. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. With respect to documents, information or material designated "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits and declarations; (e) stipulations; (f) any communications or presentations by the Parties or their counsel that contain, reflect, or reveal Designated Material. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Classified

       Information shall also be considered Classified Information and treated as such under this Order.

4.     "Qualified Persons," as used herein means:

    a.    Outside attorneys of record for the Parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    b.    Actual or potential independent technical experts or consultants, (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" information to such persons and who have: (i) completed the Undertaking attached as Exhibit A hereto agreeing to be bound by the terms of this protective order and identifying the person's name and current employer ("Undertaking") and (ii) such Undertaking, a current curriculum vitae of the consultant or expert, and an identification of any work performed by that person for or on behalf of any Party in this action since June of 2006 has been delivered as required by this paragraph 4(b). The signed document shall be filed with the Clerk of this Court by the attorney retaining such person. The Undertaking of outside consultants or experts to whom Classified Information is disclosed shall be maintained by outside counsel for the receiving Party with copies delivered to outside counsel for the producing Party at least ten (10) days before access to the Classified Information is provided.  If a producing Party objects to disclosure of Classified Information to the consultant or expert, the Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of receipt of the Undertaking, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. Either Party may only object to disclosure of "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" information to an actual or potential independent technical expert or consultant on the ground that the proposed expert or consultant has interests relevant to commercialization of products in the field. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. The Undertaking of outside consultants or experts to whom Classified Information is disclosed shall be maintained by outside counsel for the receiving Party and made available to the Court upon the Court's request.

    c.    The Party or up to three Party representatives (in cases where the Party is a legal entity) who shall be designated in writing by the Party prior to any disclosure of "Confidential" information to such person and who shall sign Exhibit B agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the Party designating such person);

       d.      independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

       e.      the Court and its personnel; and

       f.      If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all Parties.

5.    Documents produced in this action may be designated by any Party or Parties as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" information by marking each page of the document(s) so designated with a stamp stating "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code." In lieu of marking the original of a document, if the original is not produced, the designating Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6.    Information disclosed at (a) the deposition of a Party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a Party) may be designated by any Party as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" information by indicating on the record at the deposition that the testimony is "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" and is subject to the provisions of this Order. Any Party may also designate information disclosed at such deposition as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" by notifying all of the Parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" with blank, consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") and/or "Restricted Confidential Source Code" information shall have page numbers that correspond to the blank pages in the main transcript.

        Notwithstanding the foregoing, copies of Source Code Material used in deposition exhibits shall not be attached to copies of deposition transcripts.

7.    a.    "Confidential" information shall not be disclosed or made available by the receiving Party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 4(a) - (b) and (d)-(f) above.

      b.    Copies of "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") information provided to a receiving Party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 4(b) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

      c.    Each Party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of Paragraph 4 above. There shall be no disclosure of any Classified Information by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

8.    For Classified Information designated "Restricted Confidential Source Code," the following additional restrictions apply:

      a.    "Source Code Material" means data, including without limitation source code, computer code, formulas, engineering specifications, or schematics, that define or otherwise describe in detail the algorithms or structure of software designs. Source Code Material includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and similarly sensitive implementation details. Source Code Material produced in the course of this litigation shall include where applicable and without limitation executable code software, the Source Code software, and, if reasonably available, any operating system software needed to execute the Source Code Material and executable code. To the extent technically feasible, the executable code software shall be accompanied by information regarding the platform on which it operates, including without limitation information on the operating system. Source Code Material shall be produced such that the receiving party can perform searches and print paper copies of the code and shall be accompanied by any necessary emulators or simulators in the producing party's possession custody, or control, operable to test the functionality of the Source Code Material, provided that where the use of such emulators or simulators is subject to licensing

from third parties the producing party shall not be obliged by this paragraph to obtain additional licence rights in order to make available any emulators or simulators for the purpose of this paragraph;

b. Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet and access to which is controlled by the use of confidential passwords or codes used to log onto the computer) ("Stand-Alone Computer"). The Stand-Alone Computer may be connected to a printer provided by the producing Party for the limited purposes permitted pursuant to paragraph 8(h) below. The Parties agree to produce all Source Code Material at the offices of the producing Party's outside counsel located in Austin, Texas ("Secure Facility");

c. Access to the stand-alone computer(s) containing the Source Code Material must be made available to the receiving Party during normal business hours. Normal business hours for purposes of this paragraph shall be 8:30 a.m. to 5:30 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of the producing Party's outside counsel located in Austin, Texas shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s). Individuals accessing Restricted Confidential Source Code for the receiving Party shall not use or bring any electronic devices or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick"), wireless or otherwise, into the room containing the stand alone computer containing the Source Code Material, except that individuals accessing Restricted Confidential Source Code for the receiving Party shall be permitted to use or bring a laptop computer with which to take notes into the room with the stand alone computer containing the Source Code Material, provided that the laptop computer is not connected to any LAN, PAN, or other wireless network;

d. The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

e. Access to Classified Information designated Restricted Confidential Source Code shall be limited to three outside counsel and up to three (3) outside consultants or experts[1] (i.e., not

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, approved to access such Classified Information pursuant to paragraph 4(b) above may have access to Classified Information designated Restricted Confidential Source Code. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Material is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

f.  To the extent portions of Source Code Material are quoted in a document, either (1) the entire document will be stamped and treated as Restricted Confidential Source Code or (2) those pages containing quoted Source Code Material will be separately stamped and treated as Restricted Confidential Source Code;

g.  No electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

h.  The receiving Party shall be permitted to print (using the printer provided in Section 8(b) and pre-bates numbered paper provided by the Producing Party) up to 20% of the code produced for each accused product, provided that all pages of the printed code implement adaptive frequency hopping, unless otherwise agreed by the parties, whose reasonable request for agreement shall not be denied. The receiving Party shall be allowed to make a reasonable number of photocopies of the printed code. All printed or photocopied code shall be designated and clearly labeled "Restricted Confidential Source Code," and the receiving Party shall maintain a log of all such files that are printed or photocopied, the log indicating the bates range of each printout or photocopy set, the date each printout or photocopy set was created and the custodian (or secure location) for each printout or photocopy set;

i.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "Restricted Confidential Source Code," and shall continue to be treated as such."

j.  If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court

      proceeding or deposition). Upon request by a party, the Parties shall produce party and expert witnesses for deposition at the Secure Facility. The Parties shall be permitted use Source Code Material on a Stand-Alone Computer to conduct such depositions;

k.   A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 8(e) above to another person authorized under paragraph 8(e) above, on paper or, if consent for electronic copies is given under paragraph 8(g), on encrypted removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick"), via hand carry, Federal Express, or other similarly reliable courier. Should any printouts or photocopies be transferred back to electronic media after consent is given under paragraph 8(g), such media shall be labeled "Restricted Confidential Source Code," and shall continue to be treated as such. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) and deposition(s) as set forth in paragraph 8(j) above and to the Secure Facility and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a Stand-Alone computer.

9.   Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Classified Information, shall be used by the Parties only in the litigation of this consolidated Action. Notwithstanding the foregoing, any person or entity who obtains access to Classified Information or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Classified Information or any portion thereof except as may be reasonably necessary in the litigation of this Action or in Related Litigation. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Classified Information and subject to all of the terms and conditions of this Order.

10.   Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party. Documents to be inspected, except for Source Code Material, shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") during inspection. At the time of copying for the receiving Parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") by the producing Party.

11.   Nothing herein shall prevent disclosure beyond the terms of this order if each Party designating the information as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code" consents to such disclosure or, if the court, after notice to all affected Parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only"

(or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") information, irrespective of which Party produced such information.

12. A designation of Classified Information ("Confidential, "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"), or "Restricted Confidential Source Code"), may be made at anytime. Inadvertent or unintentional production of documents, information or material that has not been designated as Classified Information shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces documents, information, or material without designating it as Classified Information may request destruction of that Classified Information by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Classified Information that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Classified Information and any documents, information or material derived from or based thereon.

13. A Party shall not be obligated to challenge the propriety of a designation as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or Restricted Confidential Source Code at the time made and a failure to do so shall not preclude a subsequent challenge thereto. In the event any Party to this litigation disagrees at any state of these proceedings with the designation by the designating Party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting in writing to the Party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only"). The designating Party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

14. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in the area, would reveal significant technical or business advantages of the producing or designating Party, and which includes as a major portion subject matter which is believed to be unknown to the opposing Party or Parties, or any of the employees of the corporate Parties. Source Code Material may be designated "Restricted Confidential Source Code." Nothing shall be regarded as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or Restricted Confidential Source Code information if it is information that either:

   a. is in the public domain at the time of disclosure, as evidenced by a written document;

      b.      becomes part of the public domain through no fault of the other Party, as evidenced by a written document;

      c.      the receiving Party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

      d.      the receiving Party lawfully receives such information at a later date from a third Party without restriction as to disclosure, provided such third Party has the right to make the disclosure to the receiving Party.

15. Any Classified Information that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. A separate motion to seal shall not be required for filing of Classified Information under seal. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential," "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") or "Restricted Confidential Source Code" information by a Party to this action.

17. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order. The Court will prescribe procedures as it deems reasonable and necessary with respect to Classified Information at any trial of this case.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any Classified Information in taking testimony at any deposition or hearing, provided that the Classified Information is only disclosed to a person(s) who is: (i) eligible to have access to the Classified Information by virtue of his or her employment with the designating Party, (ii) identified in the Classified Information as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Classified Information, has, in the ordinary course of business, seen such Classified Information, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) a person designated to testify by a producing Party under Fed. R. Civ. P. 30(b)(6); or (vi) any Qualified Persons. Classified Information shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets,

confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") any documents, information or other material, in whole or in part, produced or give by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "Confidential" in accordance with this Order.

21. Any person associated with a Party (including in-house or outside counsel in this matter) who is permitted to receive another Party's Classified Information that is designated "For Counsel Only" (or "Attorneys' Eyes Only" or "Restricted-- Outside Attorneys' Eyes Only") and/or "Restricted Confidential Source Code" (collectively "Highly Sensitive Material"), who obtains, receives, has access to, or otherwise learns, in whole or in part, of another Party's Highly Sensitive Material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application claiming priority to a patent-in-suit, except that outside counsel for a Party in this action may participate in any reexamination proceeding with respect to a patent-in-suit or any patent application claiming priority to a patent-in-suit. This provision supersedes any contrary provision in any previous Order entered.

22. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. Nothing in this Order shall prevent a Party from challenging an alleged privilege or conducting discovery on the applicability of an alleged privilege.

23. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a Party in the possession of any of the persons qualified under Paragraphs 4(a) through (d) shall either be returned to the producing Party or be destroyed, except as this Court may otherwise order with respect to information used as evidence at the trial or other information. The receiving Party shall verify the return or destruction of Classified Information by declaration furnished to the producing Party, upon the producing

Party's request. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a Party may seek either the written permission of the producing Party or order of the Court with respect to dissolution or modification of such protective orders.

24. Further, nothing in this Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Classified Information, provided that counsel does not disclose the material contents of Classified Information in a manner not specifically authorized under this Order.

25. Any Party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

26. Discovery of information regarding testifying and consulting experts shall be subject to the following provisions:

    a. The Parties will produce to one another their respective testifying experts' final reports, curricula vitae, and engagement arrangements, and will either identify (including by Bates number where available) or, if the document is not already in the possession of the opposing Party, produce a clean copy of those documents that the testifying experts reviewed in the course of preparing and rendering their opinions.

    b. Testifying experts' drafts of expert reports, communications with counsel in preparation for depositions or trial or in drafting testifying expert reports, or any notes taken or made in preparation for depositions or trial or in drafting testifying expert reports shall constitute attorney work product shall not be discoverable in this or any other litigation. All communications and reports and other written materials, including drafts, of consultants, shall constitute attorney work product and shall not be discoverable in this or any other litigation.

    c. Subject to the restrictions set forth above, the Parties shall be entitled to seek discovery regarding the process undertaken by testifying experts in preparing reports, such as who prepared each section of the report, how much time was spent drafting the report, how many drafts of the report were prepared, or with whom the testifying expert spoke during the course of drafting a report. Notwithstanding the provisions of this paragraph, the substance of any drafts of expert reports, the substance of any comments or notes made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert reports shall constitute attorney work product and shall not be discoverable in this or any other litigation.

27. Production of Classified Information by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make

voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any Classified Information into evidence at the trial of this Action, or from using any information contained in Classified Information at the trial of this Action, subject to any pretrial order issued by this Court.

29. The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

30. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of Classified Information to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Classified Information.

32. Plaintiff shall not disclose or share any Classified Information of a Defendant producing party with any other party or third-party witness in this case or any other case, including but not limited to use in depositions, absent further order of the Court. Notwithstanding the foregoing, Plaintiff may share or disclose Classified Information (1) produced by CSR with any CSR Customer[2] or CSR Customer witness and/or (2) produced by a CSR Customer with CSR or any CSR witness. Plaintiff may not share or disclose Classified Information produced by a CSR Customer with another CSR Customer or CSR Customer witness.

33. This Order applies to all parties to this Action and expressly supersedes and replaces the Joint Stipulation Governing Discovery [Doc. 147] and the Protective Order entered in *Bandspeed, Inc. v. Acer, Inc., et al.*, Case No. 2:10-cv-215 (E.D. Tex.).

SIGNED this 22nd day of May, 2012

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

---

[2] "CSR Customer" means any Non-CSR Defendant that uses a CSR Bluetooth Chip in any of its Accused Products.

**EXHIBIT A**

**UNDERTAKING OF EXPERTS OR CONSULTANTS
REGARDING PROTECTIVE ORDER**

I, _____ declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "FOR COUNSEL ONLY" (or "ATTORNEY'S EYES ONLY"), or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "FOR COUNSEL ONLY" (or "ATTORNEY'S EYES ONLY"),or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:_____

Date:_____

# EXHIBIT B

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, residing at _____ _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Texas on _____, 201\_\_\_, in the case of *Bandspeed, Inc. v. Sony Electronics, Inc., et al.*, No. A-11-CV-771-LY.

I agree to comply with and to be bound by all the terms of this Protective Order and promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Western District of Texas for the purpose of enforcing the terms of this Protective Order.

Date:_____

By:_____

Printed Name:_____